MASON & O. R. CO. v. YOCKEY.

(Circuit Court of Appeals, Sixth Circuit. July 13, 1900.)

No. 820.

**1. DIRECTION OF VERDICT.**

A case can be properly withdrawn from the jury only where, on a survey of the whole evidence, and giving effect to every inference fairly or reasonably to be drawn from it, the case is palpably for the party asking a peremptory instruction.

**2. SAME—NEGLIGENCE—QUESTIONS OF FACT.**

Where fair-minded men may honestly draw different conclusions from the facts in evidence as to the negligence of a master and the contributory negligence of a servant, such questions are of fact for the jury.

**3. RAILROAD FIREMAN—MASTER'S NEGLIGENCE—QUESTION FOR JURY.**

Plaintiff, as defendant railroad company's fireman, on a cold winter morning was assigned to a certain engine, on which he had not fired since the preceding summer. The engine was defective, in that its valve stem was out of place, and an imperfectly fitting wooden plug had been substituted, permitting a spray of water to escape with the jolting of the engine over the rough roadbed, and fall onto the iron apron connecting the engine and tender, where it froze, creating an icy covering. Plaintiff slipped on this covering, and fell from the cab, receiving serious injury. He was ignorant, at the time of going on the engine, of the substitution of the plug for the valve stem, and had not been warned of the fact. *Held*, that the question of defendant's negligence was properly submitted to the jury.

**4. SAME—APPLIANCES—PLACE TO WORK—SAFETY—MASTER'S DUTY.**

It is incumbent on an employer to exercise ordinary care to provide and maintain a reasonably safe place and reasonably safe machinery and appliances in which and by means whereof an employé is to perform his service.

**5. SAME—DISCHARGE OF DUTY—PRESUMPTION BY SERVANT.**

An employé has a right to presume, when directed to work in a particular place, and with machinery furnished by the master, that reasonable care has been exercised by his employer to see that the place is free from danger, and the machinery reasonably safe for use, unless there are dangers so obvious as to lead a reasonably prudent man either to refuse to work or to make complaint to the master.

**6. SAME—FIREMAN'S KNOWLEDGE OF DANGER—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.**

Where water escaped from a locomotive tank owing to the substitution of a wooden plug for the valve stem, and fell on to the iron apron connecting engine and tender, where it froze, creating an icy covering, on which plaintiff fireman slipped, receiving injuries, and plaintiff had observed the escape of water, but not the icy formation on the apron, it was for the jury to say, in view of the engrossing nature of a fireman's duties, whether, in failing to observe the formation of ice, plaintiff was guilty of contributory negligence.

**7. SAME—ASSUMPTION OF RISK—ABANDONMENT OF ENGINE—QUESTION FOR JURY.**

Where water escaped from a locomotive tank owing to the substitution of a wooden plug for the valve stem, and fell on the iron apron connecting engine and tender, where it froze, creating an icy covering on which plaintiff slipped, receiving injuries, and plaintiff had observed the escape of water, but not the icy formation on the apron, it was for the jury to say whether, on observing the defect, it was plaintiff's duty to forthwith abandon the engine in order to avoid an assumption of risk precluding his recovery.

In Error to the Circuit Court of the United States for the Western District of Michigan.

Lloyd E. Knappen and A. J. Dovel, for plaintiff in error.

Medor E. Louisell and J. Byron Judkins, for defendant in error.

Before LURTON and DAY, Circuit Judges, and RICKS, District Judge.

DAY, Circuit Judge. The defendant in error, a fireman in the employ of the railway company, having, on the 28th of February, 1893, sustained serious injuries while in the service, brought this action to recover against the company for alleged negligence. The case is brought into this court upon the single proposition as to the correctness of the action of the circuit court in submitting the case to the jury, and failing to give a peremptory instruction at the close of the testimony to find a verdict in favor of the railroad company. The case cannot be reviewed here upon the weight of the testimony. Should the court have determined the case for the plaintiff in error as a matter of law, or was it properly left to the jury? A case can be properly withdrawn from the jury only where, on a survey of the whole evidence, and giving effect to every inference fairly or reasonably to be drawn from it, the case is palpably for the party asking a peremptory instruction. Insurance Co. v. Thornton, 40 C. C. A. 564, 100 Fed. 582. In Railway Co. v. Lowery, 20 C. C. A. 596, 74 Fed. 463, the cases are fully reviewed, and this court, Judge Lurton giving the opinion, said:

"It is the duty of the court, when a motion is made to direct a verdict, to take that view of the evidence most favorable to the party against whom it is desired that a verdict should be directed, and from the evidence, and the inferences reasonably and justifiably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for that party."

In the present case, examining the testimony with a view to ascertaining whether a case was made under the rules above laid down, the following facts may be said to have been established: The defendant in error, George L. Yockey, had been in the employ of the company, prior to the time of the injury, about 2½ years, first in the machine shop, and later as a fireman for about 1½ years. The railroad is a short one, and had seven locomotives. The injury happened while the defendant in error was at work on engine No. 7. Yockey had not been at work on this engine before during that winter, but had worked upon it twice during the preceding summer. The morning of the accident he was called by the conductor, and told to hurry up. He got upon the train between 5:30 and 6 o'clock, just at the break of day, a cold, winter morning. The engine left Buttersville, a station on the road, somewhere about 6 o'clock, with two coaches,— a combination baggage and smoking car and one coach. Defendant in error was employed constantly in his duties as a fireman from the time the train started until he was injured, firing every two or three minutes. The engine No. 7 was defective in the want of a valve stem, which is described as an iron rod passing from near the bottom of the tank, where it is fastened to a cock, up through to the top of the tank, and when in place is there operated by a wheel or other appliance whereby the cock is opened or closed to let the water pass in or out of the tank. This valve stem was out of place, and there had been

substituted for it a wooden plug, driven in at the top of the tank. The roadbed was rough, and, owing to that fact, the plug, which was imperfectly fitted and driven in, would permit the water to splash through the opening about it, producing a spray of water, which fell down—perhaps carried by the wind—onto the apron connecting the engine and tender, creating thereon an icy covering. In passing over this apron the fireman fell on the ice, and thence out of the cab, through the opening between the cab and tender, and was very severely injured. The defendant in error had noticed shortly before that the water came out of the tank, and noticed that the valve stem was gone and a wooden plug substituted. The water came near the engine, but the defendant in error did not watch it closely or at all. He had gone out of the engine several times before the injury, and had noticed the splashing of the water. Before going upon the engine that morning, the defendant in error testified he did not know anything about the plug being in that place, and that he received no warning as to the condition of the engine. He testified that he was occupied nearly all of the time; that it was a bad morning, and he was kept pretty busy putting in coal, and that his attention was on his duties as a fireman; that he did not know that the water had fallen on the apron, and paid no attention to it. If, from these facts, fair-minded men might honestly draw different conclusions as to the negligence of the railroad company and the contributory negligence of Yockey, the questions are not of law, but of fact, and are to be settled by the jury under proper instructions. Railroad Co. v. Powers, 149 U. S. 43, 13 Sup. Ct. 748, 37 L. Ed. 642; Railroad Co. v. Everett, 152 U. S. 107, 14 Sup. Ct. 474, 38 L. Ed. 373. It is claimed on behalf of plaintiff in error that there is nothing in this testimony tending to show that plaintiff in error was guilty of negligence in permitting the engine to be out of repair, requiring the valve stem to be replaced by the plug; that such condition was not dangerous to the fireman's safety. The duty of the master to supply reasonably safe appliances for the servant has been so frequently stated by the supreme court and by this court as to scarcely require repetition. It is incumbent upon the employer to exercise ordinary care to provide and maintain a reasonably safe place and reasonably safe machinery and appliances, in which and by means whereof an employé is to perform his service, in order that the employé shall not be exposed to unnecessary and unreasonable risks. The employé has the right to presume, when directed to work in a particular place, and with machinery furnished by the master, that reasonable care has been exercised by his employer to see that the place is free from danger, and the machinery reasonably safe for use, and, in reliance on such presumptions, may discharge his duties in such place and with such machinery, unless there are obvious dangers which would lead a reasonably prudent man either to refuse to work in the place or with the machinery, or to make complaint of the same to his master. If, however, the danger is not actually known to the employé, or would not become known to an employé of reasonable prudence performing the duties imposed upon him, he cannot be charged with contributory negligence in the happening of an injury to him by reason of the condition of the place

or machinery in and with which he works for the master. Norman v. Railroad Co., 10 C. C. A. 617, 62 Fed. 727, and cases cited. It was the business, then, of the railroad company, in furnishing this locomotive upon which the work of the fireman was to be performed, to make it reasonably safe, the employé using ordinary care and diligence for his own protection. It may be said that an engine and tender having the valve supplied with a stem, which, when in repair, would prevent the water from splashing, or supplied with a plug which would efficiently answer the purpose, is a reasonably safe mechanism; but when the valve stem has been removed, and the water is liable to splash from the opening between a loosely fitting plug and the top of the tank, can it be said to be safe? Would a reasonably prudent man, exercising care for the safety of his employés, send out a locomotive in this condition, supplied with a metallic apron, on which the water might splash and freeze on a cold day, without warning to the employé? Such conditions make the apron, over which the fireman was obliged to pass, slippery and dangerous. The employer is not permitted to expose the employé to unnecessary danger. He must use care to avoid danger to those in his service. We cannot say that the testimony made a case so palpably for the plaintiff in error that it should be resolved in its favor as a matter of law. Questions of this character must be decided upon the facts of each particular case. The company might have known that it was dangerous in the winter to permit water to escape on the apron, where the employé was constantly obliged to step, and particularly where the track was rough, as it is shown to be in the present case.

2. Next, it is alleged that the defendant in error was guilty of contributory negligence. Care is no less obligatory upon the employé than upon the employer. He is bound to use his senses for his own protection. The testimony shows that the defendant in error had been ordered upon this engine; that he did not know of any defect in it; and that he discovered a short time before the injury that water was splashing, but he did not notice the formation of ice. Under these circumstances we think it was properly left to the jury to say whether he was guilty of contributory negligence in failing to discover the ice and avoid injury therefrom. He had no notice of the defect until shortly before the injury, and continued in the discharge of his duties. The only contributory negligence that could fairly be ascribed to him would be failing to observe the formation of ice upon the apron, and stepping thereon. We think it was in the province of the jury to decide this question, in view of the engrossing nature of the fireman's duty constantly requiring his attention in its proper discharge.

3. Another proposition urged is that defendant in error assumed the risk after he became aware of the escaping water and saw it splashing from the tank. As a general proposition of law, one who continues in the employ of another with knowledge of defects, and without complaining thereof, assumes the dangers incident thereto. But in the present case we think it was for the jury to say whether the defendant in error should have abandoned his post, and quit the

train, after he had learned of the defect in question. Would a reasonably prudent man have done so? And did his duty require him to do so? We think this question was fairly left to the jury. The company required the services of defendant in error during that trip. He owed a duty to the company to remain in its service for the time being. We do not think there was anything in the circumstances which required the defendant in error to suddenly abandon the service of the company. At least, this duty was not so self-evident as to require the question to be taken from the jury. In Kane v. Railway Co., 128 U. S. 94, 9 Sup. Ct. 16, 32 L. Ed. 339, it is said:

"It is undoubtedly the law that an employé is guilty of contributory negligence which will defeat his right to recover for injuries sustained in the course of his employment, where such injuries substantially resulted from dangers so obvious and threatening that a reasonably prudent man, under similar circumstances, would have avoided them if in his power to do so. He will be deemed, in such case, to have assumed the risks involved in such heedless exposure of himself to danger. Hough v. Railroad Co., 100 U. S. 224, 25 L. Ed. 612; District of Columbia v. McElligott, 117 U. S. 621, 631, 6 Sup. Ct. 884, 29 L. Ed. 946; Goodlet v. Railroad Co., 122 U. S. 391, 411, 7 Sup. Ct. 1254, 30 L. Ed. 1230; and Railroad Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. 590, 29 L. Ed. 755. But in determining whether an employé has recklessly exposed himself to peril, or failed to exercise the care for his personal safety that might reasonably be expected, regard must always be had to the exigencies of his position; indeed, to all the circumstances of the particular occasion."

Under the circumstances shown in this case we think the question as to whether the defect in the engine was a dangerous one, as to whether the defendant in error was guilty of contributory negligence, and whether he assumed the risks incident to a danger of which he was aware or ought to have known, were all properly left to the jury.

There is no complaint of the charge. A perusal of it shows that it was a very fair and comprehensive one, fully instructing the jury as to the rules of law applicable to the circumstances of the case. As there was testimony sufficient to permit the case to go to the jury, we think the court did not err in thus submitting it, and the judgment of the circuit court is affirmed.