ERIE R. CO. v. ROONEY.

(Circuit Court of Appeals, Sixth Circuit. April 4, 1911.)

No. 2,076.

1. TRIAL (§ 174*)—INSUFFICIENCY OF EVIDENCE—MANNER OF RAISING.

The insufficiency of the evidence to support a verdict for plaintiff may be raised by oral motion for a directed verdict for defendant. or by a written request for an instructed verdict, before submission to the jury.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 174.*]

2. TRIAL (§ 178*)—MOTION FOR DIRECTED VERDICT—REVIEW OF EVIDENCE.

The court, on a request for a directed verdict, must take the view of the evidence most favorable to the adverse party, and a verdict is properly directed only when the case is palpably for the party asking for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

direction; and in the absence of established facts, with which testimony cannot be reconciled, the court may not disregard it as incredible.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 401–403; Dec. Dig. § 178.*]

3. TRIAL (§ 140*)—WEIGHT OF EVIDENCE—QUESTION FOR JURY.

The variance between plaintiff's original and amended petitions, and his admissions to defendant's claim agent, contradicting his testimony on the trial, are proper for the jury, as affecting his credibility as a witness.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 334, 335; Dec. Dig. § 140.*]

4. MASTER AND SERVANT (§ 286*)—INJURY TO SERVANT—NEGLIGENCE—QUESTION FOR JURY.

Whether a coal car on a switch track communicating with a lead track in railroad yards, on which an engine hostler was driving an engine, was in motion at the time of a collision between the car and the engine at the switch, held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 286.*]

5. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether an engine hostler, injured in a collision between an engine which he operated over a lead track in a railroad yard and a coal car projecting over from a switch track, was guilty of contributory negligence, held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 289.*]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Action by Frank J. Rooney against the Erie Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Cushing, Siddall & Palmer, for plaintiff in error.

Skiles, Green & Skiles and R. B. & A. G. Newcomb, for defendant in error.

Before SEVERENS and KNAPPEN, Circuit Judges, and SANFORD, District Judge.

KNAPPEN, Circuit Judge. The defendant in error (hereafter called the plaintiff) recovered verdict and judgment against the plaintiff in error (defendant below) on account of personal injuries received by plaintiff in the course of his employment by defendant as engine hostler. A motion for a new trial was denied. The facts are these:

While plaintiff was driving a locomotive over a lead track in defendant's yard at Kent, Ohio, for the purpose of coaling the tender at the tipple, the cab in which the plaintiff was riding collided with the end of an empty coal car, projecting or pushed over from a switch track communicating with the lead track, as the engine driven by plaintiff was passing the switch. It was plaintiff's contention that the coal car was pushed from the switch track into collision with the cab of the locomotive by the action of defendant's so-called "west end" switching crew. The negligence alleged in plaintiff's amended petition was, first, permitting the coal car to be so close to the lead

track as to be pushed over onto that track when the string of cars of which it was a part was bumped into, as alleged, by the switch engine at the other end of the string; and, second, causing the string of cars to be so bumped as to push the coal car upon the lead track, while the locomotive in question was passing the switch. Plaintiff testified that as he approached the switch in question, at a speed of from 5 to 7 miles an hour, and when 50 or 60 feet from it, he saw that the lead track was entirely clear; the track being substantially straight. He testified:

"Everything looked clear, and seeing the injector was not shut off tight, and I reached, and it was leaking, and I reached in and shut it off tight, and looked down, and as I looked up I suddenly saw a coal car coming into me"

—and that the car then crashed into the cab of the engine where the plaintiff was standing. His testimony, if believed, supported his contention that the coal car was entirely out of striking distance from the lead track, until pushed thereon just before the locomotive on which plaintiff was riding reached the switch.

At the close of all the testimony, the defendant requested, in writing, a verdict in its favor, which was denied. The jury was instructed that the plaintiff could not recover, "if the accident happened merely because there was a string of cars or a car that projected standing out on the lead track," and that no recovery could be had unless the coal car was pushed or bumped over from the switch track onto the lead track as the locomotive was passing the switch. The court, after instructing the jury generally upon the subject of the care required of the plaintiff, said, with special reference to the plaintiff's act in turning to attend to the injector:

"Now, if you find that his thus withdrawing his attention, to whatever extent he may have done so, from the situation was such a violation of his duty to look out as to be a lack of ordinary care under the circumstances, * * * and that such lack of ordinary care approximately contributed to the accident, then he cannot recover in this case, and your verdict should be for the defendant."

Defendant took no exception to the charge of the court in any respect. The only alleged errors argued in briefs of counsel relate to the refusal to grant defendant's request for a direction of verdict. We do not understand the other errors assigned are relied upon.

Defendant contends that such direction of verdict should have been given, first, for lack of evidence that the coal car was in motion at the time of its collision with the locomotive; and, second, that the plaintiff by his own admission was contributorily negligent. The case seems to have been tried, upon both sides, upon the theory that the defendant was negligent if the coal car was pushed onto the lead track while plaintiff's engine was passing over it. Such was the charge of the court, which was not excepted to, and no suggestion of a contrary rule seems to have been made in connection with the motion for a direction of verdict. We are thus not called upon to consider the correctness of that proposition.

[1] Plaintiff contends that the insufficiency of the evidence to support a verdict can only be raised by motion at the close of the testi-

mony, as distinguished from a written request for an instructed verdict. There is no merit in this proposition. It is immaterial whether the request for directed verdict be made orally or in writing. The only requirement is that it be made at the close of all the testimony and before submission to the jury. The rules governing the action of the court on request for directed verdict are well understood.

[2] It is the duty of the court to take the view of the evidence most favorable to the party against whom the direction is asked, and a verdict is properly directed only when the case is palpably for the party asking for the direction. M. & O. Ry. Co. v. Yockey (6th Circuit) 103 Fed. 265, 43 C. C. A. 228; Milwaukee, etc., Ins. Co. v. Rhea (6th Circuit) 123 Fed. 9, 60 C. C. A. 103; Rochford v. Pennsylvania Co. (6th Circuit) 174 Fed. 81, 98 C. C. A. 105. The credibility of a witness is peculiarly a question for the jury, and in the absence of established facts and circumstances, with which the testimony cannot be reconciled, it cannot be disregarded as incredible. Rochford v. Pennsylvania Co., supra; Byers v. Carnegie Steel Co. (6th Circuit) 159 Fed. 347, 86 C. C. A. 347, 16 L. R. A. (N. S.) 214.

The argument that the evidence did not justify a finding that the coal car was in motion at the time of the collision is based upon the propositions, first, that plaintiff's evidence to that effect is unsupported by other witnesses; second, that it is shown by testimony of members of other switching crews that the coal car was not in motion at the time of the collision; third, that there was testimony, not denied by plaintiff, that the latter after leaving the hospital admitted to defendant's claim agent that he was not sure whether the coal car was moving or not; and, fourth, that plaintiff's original petition alleged that the coal car was at the time of the collision standing upon the switch track and so close to the lead track as not to leave sufficient clearance for the engine on which plaintiff was riding.

There was testimony by members of each of the three switching crews that the respective engines belonging to those crews were not working where they could possibly have bumped or pushed the string of cars to which the coal car belonged. There was also testimony that no other engines, except those belonging to the three regular switching crews, were working at the time in that part of the yard. There was, however, testimony that regular train engines did work in the yards, coupling or pulling out and putting in their trains, and the yard conductor of one of the regular switching crews, who was in sight of plaintiff when the collision occurred, was unable to say that there was no other engine working in the neighborhood at the time of the collision. Moreover, the defendant's foreman of car inspectors and repairmen testified that just before the accident he heard a sudden jar of cars shunted one or two car lengths on the left field track, towards the engine driven by plaintiff, and that he also saw the cars move. It is true that on cross-examination he testified that he should say he saw the moving cars "probably 15 minutes" before the accident; but as he did not see the accident, and as plaintiff had been removed to the hospital by the time the witness reached the place of the accident, his testimony was at least consistent with plaintiff's theory.

Plaintiff's testimony that the coal car was in motion at the time of the collision was corroborated by these facts: The engine was at the time of the collision moving backward, the tender being thus in front of the cab. The tender and the cab were of precisely the same width. The testimony was practically uncontradicted that the tender received no substantial injury and gave no appearance of severe collision; the testimony of one witness being that it was merely scratched. The cab, on the other hand, was shown by the testimony of defendant's employés to have been seriously injured, the side being torn out or crushed in, and a steam pipe burst or broken. There was also testimony that the condition of the coal car was as "if the car had been cornered, the iron corner torn off, the end sill damaged, and the end plank broken." The testimony of these physical facts tended to show that the coal car was in motion at the time of the collision, from the fact that the greater force was apparently exerted against the cab.

It is urged by defendant that the difference in degree of impact upon the tender and cab may be explained by the swaying of the one or the other, either toward or from the coal car, at the time of passing. But this argument is, at best, addressed to the consideration of the jury. We think the testimony, taken together, presented a case peculiarly for the jury, involving, as it did, not only the credibility of witnesses, but the weight to be given to the physical facts referred to.

[3] The variance between plaintiff's original and amended petitions, and the testimony as to his admissions to defendant's claim agent, were proper subjects for consideration by the jury, as affecting the credibility of the plaintiff. We are unable to say that the jury, who saw and heard the plaintiff, were not justified in believing him, notwithstanding the discrepancies referred to, especially in view of the testimony of the serious injury to plaintiff's nervous system occasioned by the accident, and the action of the court in overruling a motion for a new trial.

[4] We think the court did not err in submitting to the jury the question whether the coal car was in motion at the time of the collision.

[5] We also think that the court would not have been justified in instructing the jury, as a matter of law, that the plaintiff was guilty of contributory negligence in momentarily turning his attention from what was, as testified, a clear track a considerable distance ahead, to an adjustment of the injector. Whether this brief diversion of attention was, under the circumstances, negligence, was properly a question of fact for the jury.

In our opinion, the court did not err in submitting the case to the jury, and the judgment of the Circuit Court must accordingly be affirmed, with costs.