## SOUTHERN RY. CO. v. GADD.

(Circuit Court of Appeals, Sixth Circuit.   May 6, 1913.)

No. 2,295.

1. PLEADING (§ 236*)—AMENDMENT TO CONFORM TO PROOFS—DISCRETION OF COURT.

It is within the discretion of a federal court to permit an amendment of a declaration on the trial to conform to the proofs, including the testimony of plaintiff himself.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. § 236.*]

2. MASTER AND SERVANT (§ 286*)—INJURY TO RAILROAD FIREMAN—NEGLIGENCE.

In an action against a railroad company for injury to a fireman on a switch engine at night, there was direct testimony that the engineer sent plaintiff down to examine a part of the engine, and that as plaintiff was coming up the steps with his torch burning, in full view of the engineer, the latter suddenly started the engine, throwing plaintiff under the wheels. *Held* that, if the engineer saw plaintiff in such position of danger, his starting the engine was negligence, and that, under the evidence, whether he did so see him was a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

3. MASTER AND SERVANT (§ 216*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—ASSUMPTION OF RISK.

The negligence of the engineer in such case, under Employer's Liability Act April 22, 1908, c. 149, § 1, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), was the negligence of defendant, and even under the common law plaintiff did not assume the risk of injury from such negligence in operating the engine in an unusual and unexpected manner.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 567–573; Dec. Dig. § 216.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

4. TRIAL (§ 178*)—MOTION FOR DIRECTED VERDICT—CONSIDERATION OF EVIDENCE.

On a motion for directed verdict, the court must take the view of the evidence most favorable to the adverse party.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 401–403; Dec. Dig. § 178.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

5. APPEAL AND ERROR (§ 263*)—INSTRUCTIONS—EFFECT OF FAILURE TO EX-CEPT.

    An objection to an instruction, not taken by exception in the trial court,. cannot be considered by an appellate court.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ .1516–1523, 1525–1532; Dec. Dig. § 263.*]

6. MASTER AND SERVANT (§ 270*)—ACTION FOR INJURY TO SERVANT—EVIDENCE.

    Where there was evidence that plaintiff, who was fireman on a switch engine in defendant's yards, was injured by reason of the sudden and unexpected starting of the engine while plaintiff was mounting the steps,. evidence that there was a friend of the engineer, not an employé, in the cab at the time, in violation of the company's rules, was admissible as bearing on the question whether or not the engineer was giving proper attention to his train.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Action at law by W. O. Gadd against the Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Caruthers Ewing, of Memphis, Tenn., for plaintiff in error.

John L. Stout, of Memphis, Tenn., for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiff, while in the employ of defendant as a fireman on a switch engine belonging to defendant, in its yards at Memphis, Tenn., lost his leg by being run over by the switch engine referred to, through the alleged negligence of defendant's engineer operating the same. He brought this action under the Employer's Liability Act of April 22, 1908 (35 Stat. 65, c. 149), as amended by the Act of April 5, 1910 (36 Stat. 291, c. 143 [U. S. Comp. St. Supp. 1911, p. 1324]). The injury occurred April 25, 1911. There was trial to a jury, and verdict and judgment for plaintiff.

It is conceded that at the time of the injury the switch engine was engaged in making up a train in interstate commerce. The evidence tended to show that in the course of the switching operations something seemed wrong with the engine; that the night was dark; that the engineer told plaintiff to take his torch and see what the trouble was; that plaintiff accordingly took his torch and "started down the fireman's side"; that before he reached the ground the engineer started again; that plaintiff got back on the engine and told the engineer he could not examine it unless the engine stood still a minute; that the engineer told him to "wait until we stop again"; that when the engine next stopped plaintiff told the engineer to give him a chance and he would get down and see what the trouble was; that the engineer told him to "hurry up"; that plaintiff again took his torch and got down on the engineer's side and stepped to the driver, where he could see; that while in that position the engineer started.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the engine backing; that plaintiff got on the footboard as it passed, and when the engine came to a stop plaintiff walked to the steps, on the engineer's side, to get in the cab; that just as he was making an effort to get on and reaching to seize the handholds, and while in plain view of the engineer, and with his torch in his hand, the engine was suddenly started forward without signal or warning of any kind, and plaintiff thereby jerked and thrown under the tank, the wheels of which ran over his leg. The engineer testified that the "kick" was made in obedience to a signal from the switchman.

[1] 1. The declaration is at least susceptible of a construction, and apparently was intended to allege, that plaintiff mounted one of the steps leading to the cab while the engine was moving slowly forward, and that the "kicking" occurred after plaintiff was so upon the step. During the closing argument for plaintiff, after motion for directed verdict (later referred to) had been made, the declaration was allowed to be amended so as to allege that the engine was standing still when plaintiff attempted to mount the step, and was started while plaintiff was in the act of taking such step. This action is criticised as an abuse of discretion. The amendment was, however, made to meet the proofs actually introduced, without objection on the ground of variance. Plaintiff had been fully cross-examined upon his statement that the engine was standing still when he attempted to mount the steps, and had been confronted, not only with the declaration, but with a written statement made soon after the accident; both the declaration and statement being claimed to be inconsistent with the testimony that the engine was standing still. In connection with the application for leave to amend, plaintiff's counsel remarked that "the court knows that the statements of a declaration are the lawyer's statements." The only objection to the amendment specifically stated was "to any statement that would indicate or convey to the jury at all that the statement, which was by leave of the court altered, is not plaintiff's, or that he is not bound by it." The amendment was clearly within the discretion of the trial court. Mexican Central Ry. Co. v. Pinckney, 149 U. S. 194, 201, 13 Sup. Ct. 859, 37 L. Ed. 699; Pennsylvania Co. v. Whitney (C. C. A. 6th Circuit) 169 Fed. 572, 578, 95 C. C. A. 70.

[2] 2. In support of the motion for a peremptory instruction (made at the close of the testimony, and, after the argument, overruled), defendant invokes the well-settled rule [1] that an employer is not an insurer of the safety of its employés, but is bound only to exercise ordinary care to that end, and that the employé assumes the risks of the employment, so far as they are incident to the usual method of work. It is contended that the "kicking" in question was the usual and ordinary movement in the handling of a switch engine engaged in the making or breaking up of trains, and thus that defendant is not liable for plaintiff's injuries. But while the kicking of cars, and

[1] Mason & O. R. R. Co. v. Yockey (C. C. A. 6th Circuit) 103 Fed. 265, 43 C. C. A. 228; Washington, etc., R. R. Co. v. McDade, 135 U. S. 554, 10 Sup. Ct. 1044, 34 L. Ed. 235; Union Pacific R. R. Co. v. O'Brien, 161 U. S. 451, 16 Sup. Ct. 618, 40 L. Ed. 766.

thus the sudden starting of a switch engine, was a usual movement in the making and breaking up of trains, yet there is no evidence of any rule or practice permitting the sudden starting of an engine under the circumstances claimed by plaintiff to exist here, including the alleged facts that plaintiff was in plain view of the engineer (and in a position liable to be injured by the sudden starting of the engine), and that the start was made without notice or warning of any kind. Indeed, defendant does not urge, as we understand the argument, that defendant would not be liable if the engineer had actually seen that plaintiff was in the act of boarding the engine and made the sudden start complained of without signal or warning. The record falls but little short of an admission that such an act would be negligence. But it is enough to say that there can be no doubt of its negligent character in law. The contention that the engineer is not shown to have seen plaintiff is answered by the fact that there was express testimony, not only that plaintiff was in plain view of the engineer, and with a torch in his hand, but that no reason existed why the engineer should not have seen him. A question of fact for the jury was thus presented.

The jury was instructed that if they believed the evidence introduced by plaintiff, as to the manner of the injury, and that the conduct of the engineer in charge, as disclosed by that evidence, was negligent, the defendant would be liable. This instruction was excepted to as leaving out of question the doctrine of assumed risk. In that connection the court expressed the opinion that that doctrine is abolished by the Employer's Liability Act, in so far as it relates to cases wherein the employé is injured because of the negligence of any of the officers, agents, or employés of the carrier.

[3, 4] Defendant insists that the doctrine of assumption of risk at common law is not abrogated by the Employer's Liability Act. In our opinion, this question (as limited by the statement of the trial court) does not exist here, for there is no room for argument that even at common law the employé assumed the risk of the employer's negligence from an unusual and unexpected method of operation, that is to say, not incidental to the ordinary method; and by the terms of the Employer's Liability Act the negligence of the engineer was the negligence of defendant. Central R. of New Jersey v. Young (C. C. A. 3d Circuit) 200 Fed. 359, 366, 118 C. C. A. 465. Under the rule that, on motion for directed verdict, that view of the evidence most favorable to the plaintiff must be taken (Erie R. R. Co. v. Rooney [C. C. A. 6th Circuit] 186 Fed. 16, 19, 108 C. C. A. 118), there was no error in submitting the case to the jury.

[5] 3. Complaint is made of an instruction that, while the plaintiff was obeying the engineer's direction, it was the latter's "duty to look out for plaintiff, and not move the engine until the plaintiff was in a position of safety." This instruction is here criticised as requiring actual knowledge on the part of the engineer that plaintiff was in a position of safety, instead of merely the exercise of ordinary care to that end. But the exception to this instruction did not raise the criticism in question, and we therefore cannot consider it. It is to

be assumed that, had the court's attention been called to the criticism now urged, due correction would have been made.

[6] 4. It was not error to permit evidence that a friend of the engineer, not an employé of the railway company, was, at the time of the accident, riding in the cab by permission of the engineer, in violation of the company's rule. Evidence was also permitted of a conversation between the engineer and a car inspector (also riding in the cab) shortly before the accident. The court held the conversation itself immaterial, but allowed evidence of the fact, and that the engineer's friend was still on the engine when the inspector left, "so far as it might or might not throw light upon the attention or want of attention the engineer was giving his train, by reason of this individual being on the engine." We cannot say this evidence was immaterial, in view of the engineer's testimony that the next time he remembered seeing plaintiff after the return to the engine (following the examination on the fireman's side) was when plaintiff "was down on the ground and hollering to come there quick."

We have not referred to all the alleged errors discussed in defendant's brief. We have, however, considered them all, and are of opinion that no prejudicial error has been committed.

The judgment of the District Court is accordingly affirmed.