DETROIT, M. & T. S. L. RY. CO. v. ELY.

(Circuit Court of Appeals, Sixth Circuit. November 4, 1913.)

No. 2,356.

CARRIERS (§ 320*)—ACTION FOR INJURY TO PASSENGER—REFUSAL OF INSTRUC-
TION REQUESTED.

Plaintiff and a companion went from Toledo to Detroit on defendant's interurban line and for return bought a ticket consisting of six coupons, two of which were good for the fares of the two passengers within Detroit and were given to the conductor; the next two covered the fares between the two cities and had not been called for nor given up when, near the Toledo limits, there was a collision in which plaintiff was injured. She was taken into Toledo in another car and gave the conductor the two Toledo coupons but retained the others, which she produced on the trial. *Held*, that such facts alone, and that she did not seek out the conductor prior to the collision to give him the tickets, especially in view of her testimony that she had not thought of them and the fact that defendant had in its possession the other four coupons with the same numbers, showing the date of use, did not constitute any substantial evidence that plaintiff had lost her status as a passenger through a fraudulent attempt and intent to evade payment of fare which required the court to submit that issue to the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

In Error to the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Action at law by Flora M. E. Ely against the Detroit, Monroe & Toledo Short Line Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

King, Tracy, Chapman & Welles, of Toledo, Ohio, for plaintiff in error.

Frank Fisher and Marshall & Fraser, all of Toledo, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. Defendant in error, who was the plaintiff below, sued to recover damages claimed to have been suffered by her while a passenger on defendant's line, through a head-end collision between the car on which she was riding and another of defendant's cars. The defenses were that plaintiff was not on defendant's

---

car at all; that if she was there she was riding fraudulently, without payment of fare; and that, if she was on the car and was injured, the injuries were slight. There were verdict and judgment for $1,650. The errors assigned relate to the refusal to direct verdict for defendant, to the denial of certain requested instructions, the rejection of certain testimony, and the alleged misconduct of counsel.

1. The testimony tended to show the following facts: Plaintiff, who lived in Toledo, went on the day of the accident from that city to Detroit, with a companion. In the afternoon of that day plaintiff bought, at defendant's Detroit city office, and paid for, a ticket for return passage. The ticket was of a kind usable as a round-trip ticket for one passenger between Detroit and Toledo or a one-way trip for two passengers between those points. It consisted of six coupons, two for the Detroit city fare, two for the interurban fare between the Detroit and Toledo city limits, and two for the Toledo city fare. These six coupons were each stamped and dated, and all bore the same serial number; any coupon being good at any date for the part of the route it covered. Plaintiff and her companion entered the car at Detroit, intending to go through to Toledo on that car, which was a "local," and normally made the through trip without change of conductor. Plaintiff's companion sat with her. The two Detroit coupons were given up in due course. At the Michigan and Ohio state line (which is only a short distance from the Toledo limits) the car was switched upon a siding and while there suffered collision with a northbound car of defendant, through the latter's conceded negligence; several passengers, including plaintiff, receiving injuries. The two interurban coupons held by plaintiff had not been called for by the conductor and had not been taken up at the time of the accident. After the collision plaintiff and her companion were taken in another car to Toledo, with a different conductor. Upon surrender to the conductor of the Toledo coupons, plaintiff detached and retained the interurban coupons, producing them upon the trial as evidence of her status as a passenger. The only evidence tending to establish the defense that plaintiff when injured was trying to "steal a ride" from the Detroit limits to the Toledo limits is that the interurban coupons were not in fact delivered up; that they were detached as stated; and that plaintiff had not actively offered them to the conductor. She testified, however, that, while she "supposed" she saw the conductor go through the car from time to time, she gave no thought to the subject of her tickets from the time she surrendered the Detroit coupons until after the accident, when she surrendered the Toledo coupons. Under the well-settled rule that on a motion for directed verdict that view of the evidence must be taken most favorable to the party against whom the direction is asked,[1] the motion was properly overruled.

2. The question of fact whether plaintiff was a passenger on the car in question was submitted to the jury; she being charged with the

[1] Mason & O. Ry. Co. v. Yockey (C. C. A. 6th Cir.) 103 Fed. 265, 43 C. C. A. 228; Erie R. R. Co. v. Rooney (C. C. A. 6th Cir.) 186 Fed. 16, 108 C. C. A. 118; Hales v. Mich. Central R. R. Co. (C. C. A. 6th Cir.) 200 Fed. 533, 537, 118 C. C. A. 627.

burden of proof. The jury was instructed that the mere fact that plaintiff did not surrender the coupons was not enough to deprive her of the status of passenger, but that they might take into account, as affecting her credibility, whatever dishonesty or moral delinquency they might find in the retention of the tickets. There was denial of requests by defendant, variously stated, to the general effect that plaintiff was not a passenger if, to her knowledge, the conductor had gone through the car for the purpose of collecting fares and had made such collection from others riding therein, and plaintiff, with such knowledge, failed to tender a ticket or cash fare for the purpose of defrauding the defendant thereof; and again that such would be the case if plaintiff, with the knowledge stated, by any act or device intentionally misled the conductor into the belief that she had paid her fare, with the intent thereby to deprive the company thereof.

We think that if there was tangible and substantial evidence tending to establish the propositions embodied in these requests, it was error to refuse them, provided (as we assume only for the purposes of this opinion) the defense was properly pleaded. But if the inference of fraud rested at last on mere suspicion or conjecture, it was not error to refuse the request.[2]

Had there been proof of active measures by plaintiff to deceive the conductor, as by concealing herself[3] or passing into another car, riding beyond the point to which she had a ticket without the ability or intention to pay fare,[4] collusion with the conductor,[5] fraudulent use of a free pass issued to another,[6] claiming to have given up her ticket, or any one of the numerous devices which readily suggest themselves, the evidence of fraud would be substantial and tangible. But there is no evidence of any such trick, collusion, device, or active misrepresentation. As already stated, the only evidence that plaintiff was trying to "beat her way" is the failure to give up the ticket under the circumstances stated and the retention of the "interurban" coupons. True, in answer to the question whether she knew that in riding on the car she should pay cash or give a ticket she said:

"I don't see that I should get up and go after the conductor to give him my ticket. Wasn't it his place to collect the fares?"

But she followed the answer immediately (upon a repetition of the question) by the statement:

"Yes, I know I should, but I told you before I didn't give it a thought, hadn't even thought of it, that I had my ticket."

The suggestion that she must have resorted to some overt device to avoid paying fare, as by the use of an imitation hat check or otherwise,

---

[2] Virginia & S. W. Ry. Co. v. Hawk (C. C. A. 6th Cir.) 160 Fed. 348, 352, 87 C. C. A. 300, and cases cited.

[3] Railway v. Brooks, 81 Ill. 245, 246.

[4] Southern Ry. Co. v. Skinner, 133 Ga. 33, 65 S. E. 134.

[5] Purple v. Union Pacific R. R. Co. (C. C. A. 8th Cir.) 114 Fed. 123, 51 C. C. A. 564, 57 L. R. A. 700.

[6] Harmon v. Jensen (C. C. A. 6th Cir.) 176 Fed. 519, 100 C. C. A. 115, 20 Ann. Cas. 1224.

is thus wholly conjectural and speculative, especially in view of the celebration at Monroe, which caused an unusual amount of local travel just before reaching and in that city. Had plaintiff given the matter thought, she might not unnaturally have assumed that the conductor's failure to ask for her fare was due to his knowledge that she had a through ticket, and the not unheard of course, under the conditions then existing (of which course we may properly take cognizance), of first taking up the tickets of local passengers leaving the car in advance of arrival at the terminus.

For the purposes of this hearing, it must be taken as true that plaintiff had bought and paid for, and had in her possession, a ticket entitling her to through transportation; that she had been accepted as a passenger and had surrendered the coupons for the first part of the journey. Indeed, in view of her testimony that she was on the car, corroborated, as it was, by another passenger, by testimony of her presence in Detroit on that day, the possession of the interurban coupons, and the fact that both the Detroit and Toledo coupons would naturally, if taken up, have been in defendant's possession (so returned as to show the particular trip on which received), such possession not being disputed, defendant was scarcely in position to effectively deny that plaintiff had a through ticket and that she had been accepted as a passenger and had surrendered the coupons for the first part of the journey. In such circumstances, she surely did not lose her status as passenger from the mere fact that her ticket was not taken up immediately after passing the Detroit limits; and before the trip covered by the interurban coupon was completed the accident occurred. At what point, then, in the through journey did the mere retention of the undetached coupon present tangible and substantial evidence of an intent to evade paying fare?

In view of the accident, plaintiff's retention of the unsurrendered coupons, when giving up the Toledo coupons, was not so significant as to justify an inference therefrom of intent to evade payment of fare. Indeed, an intent formed at that time to keep, and even to subsequently use, the coupons, would not be enough to take away the status of passenger at the earlier period of the accident. While at least one criminal experience on plaintiff's part (an attempt to steal from the person), and falsehoods upon the trial with reference thereto, as well as relating to her husband's criminal record, naturally affect her credibility as a witness, she is not thereby deprived of the right to recover legal damages; nor should redress be denied her alone upon speculative and conjectural grounds.

Upon careful consideration, we are constrained to hold that the evidence relied upon to establish the proposition that plaintiff at the time she was injured had lost her status as passenger through a fraudulent attempt and intent to evade payment of fare is too speculative and conjectural to justify verdict for defendant thereon, and thus that no error was committed in declining to submit the question.

3. We have carefully considered the errors assigned upon the exclusion of the offered testimony and the alleged misconduct of counsel. No features are presented calling for specific discussion. We content

ourselves with saying that, under familiar rules, we think it clear that no prejudicial error was committed in the respects complained of.

The judgment of the district court is accordingly affirmed, with costs.