DICKINSON et al. v. SCRUGGS.

(Circuit Court of Appeals, Sixth Circuit.   June 30, 1917.)

No. 2973.

1. TRIAL ⬥178—MOTION FOR DIRECTED VERDICT—EVIDENCE.

On a motion to direct a verdict, the testimony must be viewed in the aspect most favorable to the party against whom the direction is asked.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 401–403.]

2. CARRIERS ⬥283(3)—ASSAULT BY CARRIER'S EMPLOYÉ—DEFENSES.

If plaintiff consented to a carrier's employé ravishing her because of fear, there was not only an actionable wrong, but an actual rape.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1123, 1124.]

3. CARRIERS ⬥320(4)—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

In an action against a railroad company, whose porter was claimed to have ravished plaintiff, testimony that plaintiff told the witness that the porter agreed to give her $10 and her breakfast if she would submit to him, that he gave her neither, and that she would make the company pay for it, made a question for the jury as to whether plaintiff yielded voluntarily to the porter's advances.

4. TRIAL ⬥178—MOTION FOR DIRECTED VERDICT—EVIDENCE.

On a motion to direct a verdict for plaintiff, the controlling question was not whether the testimony as a whole could be reconciled with her claim, but whether it was inconsistent with any other conclusion than that claimed by her.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 401–403.]

5. TRIAL ⬥140(1)—QUESTIONS FOR JURY—CREDIBILITY OF WITNESSES.

Questions of credibility of the witnesses are peculiarly for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 334.]

6. EVIDENCE ⬥87—FAILURE TO CALL WITNESS—CONCLUSIVENESS.

While, in an action against a carrier for an assault by one of its employés, its failure to call such employé as a witness supported an inference that, if called, he would have testified against defendant, it did not amount to a legally conclusive confession thereof by defendant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 109.]

7. APPEAL AND ERROR ⬥856(3)—GROUNDS OF DECISION—SUSTAINING JUDGMENT ON DIFFERENT GROUNDS.

In an action against a railroad company, whose porter was claimed to have ravished plaintiff, where the court directed a verdict for plaintiff, and submitted the question of damages on the theory that plaintiff was actually ravished, the direction of the verdict could not be upheld on the theory that the porter's improper advances were enough to create liability, as damages were presumably assessed for an actual rape.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3408, 3410, 3417.]

8. CARRIERS ⬥283(4)—ACTS OF EMPLOYÉS—INSULTING LANGUAGE.

Lascivious proposals of a railway porter to a female passenger, if later voluntarily accepted, will not create liability on the part of the railroad.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Action by Cora Scruggs against Jacob M. Dickinson and others, receivers of the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wright, Miles, Waring & Walker, of Memphis, Tenn., for plaintiffs in error.

Anderson & Crabtree, of Memphis Tenn., for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. Defendant in error (plaintiff below) sued to recover damages for an alleged assault upon her while a passenger on defendant's railroad train. Her testimony, in substance sufficient for purposes of this opinion, is this:

The train upon which plaintiff was a passenger from Memphis, Tenn., to Oklahoma City, Okl., left Memphis about midnight. At several times during the night, when she was the only passenger in the women's compartment of the colored coach, the porter made indecent proposals to her, offering her money and attempting familiarity with her person. His advances were repelled. On the next morning, just before reaching Booneville, while plaintiff was about to leave the lavatory (she being then the sole passenger in the car), the porter pushed her back into the lavatory, and, in spite of her active resistance, succeeded in forcibly ravishing her. Her back was badly injured. When the train reached Booneville, the porter in question left the train. Plaintiff complained to the successor porter of the treatment to which she had been subjected. About two weeks later, on the return trip to Memphis, the porter who had made the assault came on the car at Booneville, but, seeing plaintiff, immediately backed out. To the porter on this run to Memphis plaintiff made complaint of her treatment on the previous trip.

Neither the porter who is alleged to have made the assault nor the porter who succeeded him at Booneville were produced as witnesses. The porter on the return trip from Booneville to Memphis was produced by defendants. The substantial defense, so far as it went, seems to have been that the plaintiff yielded for a consideration. At the conclusion of the testimony, the trial judge, regarding plaintiff's testimony essentially uncontradicted, directed verdict in her favor, leaving to the jury the question of assessment of damages. There was verdict for $1,800, on which judgment was rendered.

The sole question argued relates to the propriety of the direction of verdict, this propriety being challenged upon two grounds: First, that plaintiff's testimony is too improbable and self-contradictory to be accepted; and, second, that her testimony is otherwise contradicted in material respects.

We are not impressed with the first of these objections. Were there nothing in the case but plaintiff's testimony, we should not disturb the direction of verdict. Her testimony is not, in our opinion, inherently improbable, and not only would it, standing alone, amply sustain the verdict, but the same is true of the testimony in the case taken together. The trial judge, as indicated by his opinion on motion for new trial, apparently, and we assume properly, believed plaintiff's testimony. The assignment that the verdict is excessive in amount is without merit.

[1] But the question whether there was other testimony tending to contradict plaintiff's testimony is a more serious one. This question must be considered in the light of the rule that, on a motion to direct verdict, the testimony must be viewed in the aspect most favorable to the party against whom the direction is asked. Milwaukee, etc., Ins. Co. v. Rhea (C. C. A. 6) 123 Fed. 9, 60 C. C. A. 103; Erie R. R. Co. v. Rooney (C. C. A. 6) 186 Fed. 16, 19, 108 C. C. A. 118.

[2-5] The porter on the return trip testified that plaintiff, in her conversation with him, in reply to his question whether the porter had succeeded in effecting the alleged relation, said:

"Well, he seemed to carry the intention out so until I was afraid and I give over to him."

If this were the only item of asserted contradiction, we should hesitate to disturb the direction; for, if plaintiff's consent was compelled by fear, there was not only an actionable wrong, but an actual rape. Don Moran v. The People, 25 Mich. 356, 358, 12 Am. Rep. 283. But the witness gave further testimony to the general effect that in the course of his conversation with plaintiff she said that the porter agreed to give her $10 and her breakfast at Booneville if she would submit to him, that he gave her neither the $10 nor the breakfast, and that she "would make the company pay for it." Although plaintiff denied this statement, we are constrained to hold that the existence of this testimony so far tended to contradict the plaintiff's testimony as to make it a question for the jury whether or not she yielded voluntarily to the porter's advances; for, upon this motion to direct verdict, the controlling question was not merely whether the testimony, taken as a whole, could be reconciled with plaintiff's claim, but whether it was inconsistent with any other conclusion than that claimed by her, and questions of credibility are peculiarly for the jury. Rochford v. Pennsylvania Co. (C. C. A. 6) 174 Fed. 81, 83, 98 C. C. A. 105.

[6] In directing verdict, the trial judge apparently gave weight to the defendant's failure to call its accused porter, and to a presumption that, if called, he would have testified against defendants. But, while such failure supports an inference of such fact, it does not amount to a legally conclusive confession thereof by defendants.

[7, 8] The District Judge, in denying a motion for a new trial, suggested that proof that the porter made improper advances to plaintiff while she was a passenger in defendant's car was of itself enough to create liability; but this consideration, standing alone, is not enough to sustain the direction of verdict: First, because the case was submitted on the theory that plaintiff was actually ravished, and damages were presumably assessed on that basis; and, second, lascivious proposals, if later voluntarily accepted, would not create liability upon defendant's part.

The judgment must be reversed, and the case remanded, with directions to award a new trial.