# CASES

## ARGUED AND DETERMINED

### IN THE

## CIRCUIT COURTS OF APPEALS AND DISTRICT COURTS OF THE UNITED STATES, AND COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### TEXAS CO. v. BRILLIANT MFG. CO.

(Circuit Court of Appeals, Third Circuit. September 30, 1924. Rehearing Denied December 1, 1924.)

#### No. 3129.

**1. Trial ⚷143—Direction of verdict not warranted where testimony, if credited, would sustain verdict for other party.**

Where there is a sharp issue of fact on which the evidence is conflicting, and there is substantial testimony which, if credited, would sustain a verdict for plaintiff, the question is for the jury, and direction of a verdict for defendant would be error.

**2. Evidence ⚷318(2)—Letter from third person to party not competent as evidence against such party.**

A letter written by a third person to one of the parties *held* incompetent as evidence against such party.

**3. Evidence ⚷215(3)—Statements made by party in letter to third person may be competent evidence against the writer.**

Statements made in a letter written by a party to a third person, if material, may be competent evidence against the writer.

**4. Appeal and error ⚷1057(1)—Exclusion of letter held not prejudicial error.**

The exclusion of a letter written by plaintiff, stating undisputed fact that defendant had canceled contract, *held* not prejudicial error.

**5. Appeal and error ⚷181, 248, 544(1)—Rulings not reviewable without bill of exceptions.**

No point will be considered by an appellate court unless objections are made and exceptions taken to the ruling thereon during the trial and the exceptions embodied in a formal bill and presented to the judge for allowance at the same term or within a further time allowed by order, entered at that term or by a standing rule of court.

**6. Sales ⚷384(6)—Measure of damages for breach of contract for goods to be manufactured by plaintiff.**

In an action for breach of contract to purchase advertising signs to be manufactured by plaintiff, the jury may properly allow as damages the difference between the cost and what plaintiff was to receive under the contract, making reasonable deductions for the less time engaged and for release from the care, trouble, risk, and responsibility attending full execution of the contract.

2 F.(2d)—**1**

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by the Brilliant Manufacturing Company against the Texas Company. Judgment for plaintiff, and defendant brings error. Affirmed.

T. K. Schmuck, of New York City, and Albert Smith Faught, of Philadelphia, Pa., for plaintiff in error.

Murdoch Kendrick and Bell, Kendrick, Trinkle & Decter, all of Philadelphia, Pa., for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

DAVIS, Circuit Judge. The Brilliant Manufacturing Company, hereinafter called plaintiff, and the Texas Company, entered into three contracts, whereby the plaintiff was to manufacture for defendant certain advertising signs which were "42 inches in diameter, double faced, porcelain enamel." The first was dated May 20, 1922, and was for 2,000 signs and brackets; the second was dated December 18, 1922, and was for 2,075 signs and brackets; the third was dated January 11, 1923, and was for 2,180 signs and brackets. The price was $17.50 for a sign and bracket. On February 21, 1923, the defendant canceled the second and third contracts, and on March 23, 1923, it canceled the first one. The controversy between the parties arose over these cancellations. The plaintiff contends that they were breaches of the contracts, while the defendant says that the cancellations were made in accordance with an oral agreement between them. The jury in the court below rendered a verdict for the plaintiff, and the case is here on defendant's writ of error,

in which it contends that the court should have directed a verdict for it.

[1] There is no dispute about the cancellation of the contracts. The letters canceling them are in evidence, and there can be no denial of the facts. The only question is whether or not they were canceled by agreement. In the letter of February 21, 1923, the defendant wrote: "Confirming our understanding arrived at in the meeting held this morning in Mr. C. E. Woodbridge's office, I am hereby canceling entirely" the second and third orders. In the defendant's letter of March 23, 1923, it says: "In view of your failure to make deliveries in the manner and times specified in our agreement with you of February 21, 1923, we hereby notify you that we cancel" the first contract. Mr. C. Paul Ray, Jr., president of the plaintiff company, who represented it in the transactions, testified that he had no "understanding" or "agreement" with the defendant as referred to in those letters, and we think that under the evidence in this case he was not estopped, as contended by defendant, from denying the alleged "agreement." It is clear that if Ray "testified to facts which, if credited and uncontradicted, would make out a case upon which a verdict might be rested," it would have been error to take the case from the jury or to direct a verdict for defendant. Rochford v. Pennsylvania Co., 174 F. 81, 98 C. C. A. 105; Dickinson v. Scruggs, 242 F. 900, 155 C. C. A. 488. The testimony in the case at bar was flatly contradictory. There was a sharp issue of fact which had to be determined upon the credibility of the witnesses, and this was peculiarly a question for the jury. Erie Railroad Co. v. Kraft, 207 F. 293, 125 C. C. A. 37. Where there is evidence of a substantial character bearing upon the issue, the question is for the jury even though the court may think that there is a preponderance of evidence for the party moving for a direction, City & Suburban Railway v. Svedborg, 194 U. S. 201, 24 S. Ct. 656, 48 L. Ed. 935, and this is true even though the court, if called upon to find the facts, would have decided in favor of the moving party. The question of the breach of the contracts was submitted to the jury under proper instructions, and its verdict in favor of the plaintiff determines the facts.

[2] Defendant further contends that the trial judge erred in refusing to admit the plaintiff's letter of March 26, 1923, to the H. D. Beach Company and its reply. Considering the reply first, we do not see any theory under the facts in this case on which it was admissible. It was not under oath and not subject to cross-examination. The Beach Company was not a party to the suit, and what it said could in no way bind the plaintiff any more than what plaintiff said to the Beach Company could bind the defendant. The testimony of the Beach Company was available, and if the defendant desired in evidence the contents of the letter, testimony should have been taken under oath in the usual way. The offer was properly overruled. Illinois Central Railroad Co. v. Cobb et al., 72 Ill. 148, 151; Capen v. DeSteiger Glass Co., 105 Ill. 185, 191.

[3] The letter of March 26, 1923, written by the plaintiff to the H. D. Beach Company, has a different status. A statement or "confession of a party is indeed evidence without oath, because in its nature nothing can be more satisfactory." Longenecker v. Hyde, 6 Bin. (Pa.) 1. The plaintiff was bound by this letter, and if it was material and competent, it was error to overrule the offer.

[4] In that letter plaintiff said:

"We have received notice from the Texas Company that order NY–166155 has been canceled and that they will not accept any delivery under the same. We, therefore, request that you return at once all brackets, attachments, etc., and also wish you would advise when it will be possible to have Mr. Beach come to Philadelphia and make arrangements regarding loss on same."

After a colloquy between the court and counsel over the admission of the letters, the following took place:

"The Court: Now, the March 26th letter is of absolutely no value to anybody that I can see.

"Mr. Schmuck: It seems to be, as I say, that that contains an implied admission.

"The Court: It merely contains the statement of a fact that is not disputed and about which nobody has any question, so what does it amount to one way or the other?"

The subject was then dropped and did not arise again until all the letters were offered, but mention was then not made of the letter of March 26, 1923, and the exception there allowed to defendant apparently referred only to the letters written by the Beach Company to the plaintiff. No exception was ever taken to the refusal to admit that letter. Anyhow, we agree with the District Judge that the letter did not

amount to anything one way or the other, and the overruling of the offer was harmless error and therefore not ground for reversal.

"It is a well-recognized rule that a judgment will not be reversed or a verdict set aside because of error, when it appears, as here, that no harm has resulted to the complaining party." Blashfield's Instructions to Juries (2d Ed.) 991; Board of Commissioners, etc., v. Keene Five-Cents Saving Bank, 108 F. 505, 515, 47 C. C. A. 464; Samulski v. Menasha Paper Co., 147 Wis. 285, 133 N. W. 142; Kutztown Foundry & Machine Co. v. Sloss-Sheffield Steel & Iron Co. (C. C. A.) 279 F. 627, 632.

[5] The court refused to charge certain points submitted by defendant to the effect that under the evidence the plaintiff could not recover damages representing profits which he might have made had the contracts not been breached and had he performed them.

In the first place, there is no exception to the refusal to charge these points. At the conclusion of the charge, the judge stated that he had tried to cover in his charge all the points, "nearly a third of century of them," and thought that he had done so, and said, "So far as affirmed in the general charge they are affirmed, and so far as disaffirmed, they are disaffirmed, and exceptions are allowed to the respective parties accordingly. The rules of our Circuit Court of Appeals require that exceptions to the charge must be taken before the jury have retired." Thereupon Mr. Schmuck said: "Your honor, I have no exceptions to the charge." In other words, the charge, without affirming the points in the specific language submitted, was satisfactory to him, and therefore he had no exceptions. Counsel politely declined what was offered to him.

By a uniform course of decision, no point will be considered by an appellate court unless objections are made and exceptions taken to the ruling thereon at the trial. It is further necessary that the exceptions thus taken be embodied in a formal bill and be presented to the judge for allowance at the same term or within a further time allowed by order entered at that term or by a standing rule of court. A trial court, in the exercise of its discretion, may grant a new trial, if convinced that it has erred during the trial, even though its attention were not called to the error at the trial; but the power of an appellate court is confined to exceptions, based on objections, actually taken at the trial. The theory of a bill of exceptions is that it states what occurred while the trial was going on. Any other course would result in delays and inefficient administration of justice and would also be unfair to the trial judge because it would not give him an opportunity to correct possible errors, if brought to his attention. Wyss-Thalman v. Maryland Casualty Co. of Baltimore, 193 F. 53, 113 C. C. A. 383; Wear v. Imperial Window Glass Co., 224 F. 60, 139 C. C. A. 622; Blisse v. United States (C. C. A.) 263 F. 961; Walton v. United States, 9 Wheat. (22 U. S.) 651, 657, 6 L. Ed. 182; Kerr v. Clampitt, 95 U. S. 188, 24 L. Ed. 493; P., C. & St. L. Railway Co. v. Heck, 102 U. S. 120, 26 L. Ed. 58; Michigan Insurance Co. v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162; O'Connell v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827; Exporters, etc., v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

Notwithstanding these technical grounds, we think that under the evidence the question of the ability of the plaintiff to carry out the contract within a reasonable time (no time being mentioned in the contracts for the delivery of the signs) was for the jury under proper instruction from the court. From the evidence reasonable men might easily draw different conclusions as to that fact. This question was properly and fully submitted to the jury in the charge and its verdict settles the fact. American Concrete Steel Co. v. Hart (C. C. A.) 285 F. 322; Renick & Brand v. Aronoff, 76 Pa. Super. Ct. 206; Knights of Joseph Building & Loan v. Mechanics' Fire Insurance Co., 66 Pa. Super. Ct. 90, 97; Dunn v. Mayo Mills, 134 F. 804, 67 C. C. A. 450.

Plaintiff demanded damages as follows:

Order No. 1, May 20, 1922. Loss ... $15,000.00
Interest from March 23, 1923, to November 13, 1923, 230 days ........ 575.00
Order No. 2, December 22, 1922. Loss ............................ 15,562.50
Interest from March 23, 1923, to November 13, 1923, 230 days ........ 596.57
Order No. 3, January 11, 1923. Loss 16,350.00
Interest from March 23, 1923, to November 13, 1923, 230 days ........ 615.25

Total ....................... $48,699.32

[6] The jury returned a verdict of $18,612.17. How it arrived at the amount of the verdict is speculation, but we cannot say that its verdict was "perverse and directly violative of the charge of the court and is wholly without evidence to support it." Stetson v. Stindt (C. C. A.) 279 F. 209, 23 A. L. R. 302.

In the case of United States v. Speed, 8 Wall. (75 U. S.) 77, 19 L. Ed. 449, the Supreme Court said:

"And we do not believe that any safer rule, or one nearer to that supported by the general current of authorities, can be found than that adopted by the court, to wit, the difference between the cost of doing the work and what claimants were to receive for it, making reasonable deduction for the less time engaged, and for release from the care, trouble, risk, and responsibility attending a full execution of the contract."

The jury evidently had some basis on which it arrived at a verdict. What profits were allowed and deductions made for less time engaged, release from care, trouble, risk, responsibility, and use of capital, we do not know. Some amount should have been allowed and perhaps considerable; but since we do not know the profits allowed or disallowed and the deductions made because the contracts were not completed, we cannot say that the verdict shows that the damages were assessed upon an erroneous or illegal basis, or that the verdict was arbitrary or the result of a compromise. Under the evidence, and instruction of the court, the jury had rather a wide latitude as to the finding of facts. The verdict may be in exact obedience to the instruction and the facts as it found them.

Therefore the judgment of the District Court is affirmed.