# CITY AND SUBURBAN RAILWAY *v.* SVEDBORG.

## ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 214. Argued April 13, 1904.—Decided May 2, 1904.

Where there is evidence of a substantial character bearing upon the general issue, the question is for the jury even though the court may think there is a preponderance of evidence for the party moving for a direction.

Plaintiff is entitled to a verdict if the injury is caused by any of defendant's employés and it is not error for the court to insert " or other employés " in a requested instruction to the jury that they must find for defendant in absence of negligence on the part of the particular employés against whom the evidence was principally directed.

THE plaintiff in error is a corporation organized under acts of Congress and engaged in the business of carrying passengers for hire in street cars operated on public highways in the District of Columbia.

The defendant in error was received as a passenger on one of such cars, and, in alighting from the one in which she was riding, was thrown to the ground and seriously injured.

The present action was brought against the railway company to recover damages on account of such injuries, the theory of the plaintiff's case being that the car in which she was a passenger was stopped for her to alight from it, and while she was stepping off, it was suddenly and recklessly started, whereby, without negligence on her part, she was violently thrown to the ground.

The railway company pleaded not guilty as alleged, and the plaintiff joined issue on that plea.

The case was then tried before the court and a jury the plaintiff introducing evidence tending to sustain her theory as to the cause of the injuries received by her, while the defendant introduced evidence tending to sustain its theory, which was that the plaintiff negligently attempted to alight from the car before it had actually stopped.

At the conclusion of the plaintiff's evidence the defendant asked the court to instruct the jury to find in its favor, upon the ground that the evidence was insufficient to justify a verdict for the plaintiff. That motion was denied, and the defendant excepted. The defendant then introduced evidence, at the close of which the motion to direct a verdict in its favor was renewed. The motion was also denied, and the defendant excepted.

It appears from the record that the court then granted two instructions at the request of the plaintiff and six instructions asked by the defendant. But none of the instructions so given, on either side, were embodied in the bill of exceptions. What they were this court has no means of knowing.

There was a verdict and judgment in favor of the plaintiff for $6,500, and that judgment was affirmed in the Court of Appeals for the District.

*Mr. R. B. Behrend* and *Mr. C. C. Cole* for plaintiff in error.

*Mr. A. A. Lipscomb* and *Mr. Philip Walker* for defendant in error.

MR. JUSTICE HARLAN, after making the foregoing statement, delivered the opinion of the court.

The railway company assigns for error the refusal of the trial court to direct the jury to find a verdict in its favor. The refusal was proper; for there was evidence of a substantial character bearing upon the general issue as to the negligence of the defendant, and therefore the question was one peculiarly for the jury. Even if the court thought that the preponderance of evidence was for the defendant, it was not bound, simply for that reason, to have taken the case from the jury, whatever influence that fact might have in disposing of a motion for a new trial.

It is also assigned for error that the trial court refused to give the following instruction to the jury:

"In order to entitle the plaintiff to a verdict, the burden is upon her to prove by a preponderance of the evidence, to the satisfaction of the jury, that the car stopped for her to alight, and that while she was in the act of alighting the car, through the negligence of the motorman, started, and thereby threw her to the pavement and injured her, and unless, upon the whole evidence, the jury shall so find, the verdict should be for the defendant."

The court refused to grant that instruction without inserting after the word "motorman" the words "or conductor or both." These words having been inserted, the instruction was granted. The defendant excepted to the refusal of the court to give the instruction as asked.

It is contended that it was error prejudicial to the railway company to have added these words to the instruction asked, because by so doing the jury were, in effect, told that there was sufficient evidence upon which to base an inquiry whether the conductor was guilty of negligence; whereas, the company insists, there was not the silghtest proof showing negligence on the part of the conductor.

We need not review the evidence as to the conductor; for if, as the defendant insists, there was no evidence whatever showing negligence upon the part of the conductor, then the modification made by the court could not have so misled the jury as to prejudice the defence.

It is assigned for error that the trial court refused to grant the following instruction asked by the defendant: "The jury are instructed that under the evidence in this case they cannot find any negligence on the part of the conductor of the car, and unless they shall find from the evidence that the motorman was guilty of negligence which caused the accident to plaintiff, they should find for the defendant, and in considering that question they cannot infer the existence of any fact not shown to their satisfaction by the evidence."

Testing the action of the trial court alone by the evidence set out in the bill of exceptions, we cannot hold that the in-

struction in question was improperly denied; for that instruction took it for granted that there was not a scintilla of proof —none whatever—of negligence on the part of the conductor, and that the negligence, if there was any, was wholly or exclusively that of the motorman. The court below was not bound to submit the case to the jury in that way. It was not bound to make a particular part of the evidence the subject of a special instruction. Under the circumstances it properly submitted to the jury the whole case as to the alleged negligence of the company, leaving them to determine whether, under all the evidence, the injury was caused by the negligence of its employés or any of them. The plaintiff was entitled to a verdict if the injury was caused by the negligence of any employé. *Pomeroy* v. *Boston & Maine Railroad,* 172 Massachusetts, 92.

In the argument at the bar much was said by counsel as to the principles of law announced by the Court of Appeals, particularly in respect of the application of the maxim "*Res ipsa loquitur.*" Our attention has been called to many authorities upon that branch of the case. But we deem it unnecessary to extend this opinion by a review of those authorities; for, even if the Court of Appeals erred in its application of that maxim—and we express no opinion upon that point— the judgment should not be reversed, since, as we have seen, the record before us does not show that the trial court committed any error to the substantial prejudice of the defendant.

The judgment of the Court of Appeals affirming the judgment of the Supreme Court of the District must, therefore, be affirmed.

*It is so ordered.*

Mr. Justice White and Mr. Justice McKenna dissented.