# BURKE *v.* ANACOSTIA & POTOMAC RAILWAY COMPANY.

NEGLIGENCE; CONTRIBUTORY; IMPUTATION.

1. The negligence of the owner, an experienced driver, in running his automobile into a street car, is not imputable to his mother, riding as his guest, without having the right, or attempting to direct or control his actions. (Citing *Baltimore & O. R. Co.* v. *Adams*, 10 App. D. C. 97.)

2. A guest in the rear seat of another's automobile is not guilty of contributory negligence because of her failure to jump therefrom upon seeing a rapidly approaching street car about 50 feet away, with which the automobile almost instantly collided, nor because of her failure to direct the movements of the driver.

No. 3127.　Submitted December 3, 1918.　Decided January 6, 1919.

NOTE.—On the question of imputing negligence of driver of vehicle to guest, see notes in 8 L.R.A.(N.S.) 648, and L.R.A.1915A, 763.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages from a street railway for negligence.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This is an action to recover damages from the Anacostia & Potomac Railway Company for alleged negligence in the operation of one of its street cars.   There was a verdict for the defendant.

Mrs. Ellen F. Burke and her two sons were riding west on L street near Eleventh, in this city, in an automobile at the time of the accident complained of.   She was in the rear seat, the sons were in the front seat.   The automobile belonged to one of the sons, an experienced driver, who was running it.   As they approached Eleventh street they were going at the rate of 6 or 8 miles an hour.   The driver sounded the automobile horn but received no response.   When he first looked north, a house on the northeast corner of the intersection permitted him to see diagonally up Eleventh street only about 100 feet.   He observed nothing coming, nor did he hear a bell.   Upon reaching the east curb line of Eleventh street he looked again and saw a car, about 50 feet away, approaching at the rate of 18 or 20 miles an hour,—so rapidly, he said, that he could do nothing but turn north on Eleventh street, for if he had kept on towards the west the street car would have struck the automobile in the side.   As he turned, the front part of the car missed the automobile, but the left side, towards the rear, hit his left chassis and threw the automobile between the tree and a water fountain.   The motorman, upon seeing that the front of his car had passed the automobile, increased his speed, and was unable to bring his car to a stop until it had reached the south side of Massachusetts avenue, about 150 feet from where the collision happened.

The force of the impact threw Mrs. Burke to the floor of the automobile, rendering her unconscious and injuring her

head, arm, and shoulder. She was also made extremely ner-
vous, and was in consequence at the time of the trial unable to
perform her usual household duties. She testified that the
street car as it approached "looked like it was flying;" that all
the occupants of the automobile saw it at the same time, and
that the collision between the car and the machine was sudden.
She did not warn her son to "look out" when they were nearing
Eleventh street, nor did she otherwise attempt to control his
action save that "she screamed and then the terrible crash
came."

Mr. *Wilton J. Lambert* and *Mr. Rudolph H. Yealman,* for
the appellant, in their brief cited:

B. & O. R. Co. v. *Adams,* 10 App. D. C. 97; *Brommer* v.
*Penn. R. Co.* 179 Fed. 577; *Capital Traction Co.* v. *Apple,*
34 App. D. C. 559; *Capital Traction Co.* v. *King,* 44 App.
D. C. 315; *City & S. R. Co.* v. *Cooper,* 32 App. D. C. 550;
15 Enc. Pl. & Pr. 427; 5 Enc. Pl. & Pr. 10; *Ewing* v. *Chase,*
37 App. D. C. 53; *Faber* v. *St. Paul, etc. R. Co.* 29 Minn. 465;
*Klotz* v. *Winona, etc. R. Co.* 68 Minn. 341; *Mahoney* v. *Dank-
wart,* 108 Iowa, 321; McQuillan, Mun. Corp. 584; *Riley* v.
*Wabash, etc., R. Co.* 18 Mo. App. 385; *Sluder* v. *St. Louis
Transit Co.* 189 Mo. 107; *United R. & E. Co.* v. *Biedler,* 98
Md. 564; *United R. & E. Co.* v. *Crain,* 123 Md. 322.

Mr. *John S. Barbour,* for the appellee, in his brief cited:

*Accousi* v. *G. A. Slowers Furniture Co.* 87 S. W. 861; *Allyn*
v. *Boston & A. R. Co.* 105 Mass. 77; Article 12 of the Police
Regulations; *Ashford* v. *Evening Star,* 41 App. D. C. 395;
*Baltimore & O. R. Co.* v. *State,* 104 Md. 75, 64 Atl. 304; *B.
& P.* v. *Carrington,* 3 App. D. C. 101; *Barbour* v. *Moore,* 4
App. D. C. 541; *Bials* v. *Finkinbiner,* 12 App. D. C. 29; *Blick-
nell* v. *New York C. & H. R. R. Co.* 120 N. Y. 290; *Boss* v.
*Litten,* 5 Car. & P. 407; *Brannen* v. *Kokomo, G. & J. Gravel
Road Co.* 115 Ind. 115, 7 Am. St. Rep. 411, 17 N. E. 202;

*Branson* v. *New York C. & H. R. R. Co.* — App. Div 242;
*Bricknell* v. *New York C. & H. R. R. Co.* 120 N. Y. 290, 17
Am. St. Rep. 648, 24 N. E. 449; *Brightwood* v. *Carter,* 12
App. D. C. 155; *Brommer* v. *Penn. R. Co.* 29 L.R.A.(N.S.)
928, 179 Fed. 577; *Brunner* v. *C. R. J. & P. R.* 162 N. W.
43, 45 W. L. R. 342; *Burke* v. *A. & P. R. Co.* 45 W. L. R. 68;
*Bush* v. *Union P. R. Co.* 62 Kan. 709, 64 Pac. 624; *Can. P.
R. Co.* v. *Clark,* 73 Fed. 76, 74 Fed. 362; *Capital Traction Co.*
v. *King,* 44 App. D. C. 317; *Capital Traction Co.* v. *Apple,* 38
App. D. C. 559; *Chaffee* v. *Boston & L. R. Corp.* 104 Mass.
108; *Chicago, B. & Q. R. Co.* v. *Lilley,* 4 Neb. (Unof.) 286,
93 N. W. 1012, 4 Neb. (Unof.) 300, 97 N. W. 473; *Chicago,
S. F. & C. R. Co.* v. *Bentz,* 38 Ill. 485; 1 Chitty, Pl. p. 127;
*Chun* v. *C. & S.* 23 App. D. C. 551; *City & S. R. Co.* v. *Cooper,* 32 App. D. C. 550; *Colorado & S. R. Co.* v. *Thomas,* 33
Colo. 517, 70 L.R.A. 681, 81 Pac. 801; *Crescent Twp.* v.
*Anderson,* 114 Pa. 643, 60 Am. Rep. 367, 8 Atl. 379; *Cunningham* v. *Thief River Falls,* 84 Minn. 21, 86 N. W. 763;
*Davis* v. *C. R. I. & P. R. Co.* 16 L.R.A.(N.S.) 429, 159 Fed.
10; *Dean* v. *Pa. R. Co.* 129 Pa. 524, 6 L.R.A. 143, 15 Am. St.
Rep. 733, 18 Atl. 721; *De Loge* v. *New York C. & H. R. R.
Co.* 92 Hun, 149, 36 N. Y. Supp. 697; *Demberger* v. *B. &
O. R. Co.* 243 Fed. 21; Dill. Mun. Corp. 4th ed. sec. 83; *District of Columbia* v. *Bolling,* 4 App. D. C. 524; *District of
Columbia* v. *Brunner,* 7 App. D. C. 113; *District of Columbia*
v. *Petty,* 37 App. D. C. 156; *District of Columbia* v. *Whipple,*
17 App. D. C. 415; *Ewing* v. *Chase,* 37 App. D. C. 53; *Farley*
v. *Wilmington & N. C. Electric R. Co.* 3 Penn. (Del.) 584,
52 Atl. 543; *Fox* v. *Chelsea,* 171 Mass. 297, 50 N. E. 622;
*Friedlander* v. *Rapley,* 38 App. D. C. 208; *Gaynor* v. *Old
Colony N. R. Co.* 100 Mass. 108; *Gibson* v. *Pepper,* 2 Salk.
637; *Gloria* v. *United States,* 30 App. D. C. 559; *G. F. &
O. D. R. R.* v. *Hemmerly,* 40 App. D. C. 196; *G. F. & O. D.
R. R.* v. *Hill,* 34 App. D. C. 304; *Griffith* v. *B. & L.* 44 Fed.
374; *Hajsek* v. *Chicago, B. & Q. R. Co.* 5 Neb. 67, 97 N. W.
327; *Henderson* v. *Penn. R. Co.* 223 U. S. 718; *Hines* v.
*Georgetown Gas Company,* 3 App. D. C. 375; *Holden* v. *Mis-*

*souri R. Co.* 77 Mo. 456, 76 S. W. 1045; *Home v. Mammoth Min. Co.* 27 Utah, 168, 75 Pac. 381; *Hurdle v. W. & G. R. R.* 8 App. D. C. 120; *I. & St. L. R. R. v. Horst,* 93 U. S. 291; *Illinois C. R. Co. v. McLeod,* 78 Miss. 334, 52 L.R.A. 54, 85 Am. St. Rep. 630, 20 So. 76; Interstate Commerce Commission Regulation, sec. 1; *Jaquette v. C. T. Co.* 34 App. D. C. 358; *Joyce v. St. Louis Transit Co.* 111 Mo. App. 565, 86 S. W. 469; Judgment (Sup. 1904), 58 Atl. 1103; *Lebeau v. Dyerville Mfg. Co.* 26 R. I. 34, 57 Atl. 1092; *Louisville & N. R. Co. v. Molloy,* 28 Ky. L. Rep. 1113, 91 S. W. 685; *Maloy v. New York C. R. Co.* 40 How. Pr. 274, 58 Barb. 182; *Met. R. R. Co. v. Hamult,* 13 App. D. C. 370; *Metzger v. Metzger,* 35 App. D. C. 389; *Miles v. Fonda, J. & G. Co.* 86 Hun, 508, 33 N. Y. Supp. 729; *Miller v. Louisville, N. A. & C. R. Co.* 128 Ind. 97, 97 Am. St. Rep. 416, 27 N. E. 339; *Missouri, K. & T. R. Co. v. Bussey,* 66 Kan. 735, 71 Pac. 261; *Mittelsdorfer v. West Jersey & S. R. Co.* 77 N. J. L. 702, 73 Atl. 540; *Morris v. C. R. & L. R.* — Neb. —, 163 N. W. 799, 65 W. L. R. 536; Public Utilities Commission Regulation, sec. 1; *R. & D. v. Didzonet,* 1 App. D. C. 482; *Robinson v. Denver City Tramway Co.* 90 C. C. A. 160, 164 Fed. 174; 35 Stat. at L. 246, sec. 16; 37 Stat. at L. 995, sec. 8, paragraph 96; *Schramm v. Parker,* 72 N. J. L. 243, 62 Atl. 410; *Smith v. Maine C. R. Co.* 87 Me. 339, 32 Atl. 967; *Sprow v. Staples,* 38 App. D. C. 219; *State v. Boston & M. R. Co.* 80 Me. 430, 15 Atl. 36; *Sullivan v. C. T. Co.* 34 App. D. C. 358; *Thurston v. McLellan,* 34 App. D. C. 294; *Toledo & O. C. R. Co. v. Eatherton,* 20 Ohio C. C. 297; *United R. & E. Co. v. Biedler,* 98 Md. 564, 56 Atl. 813; *United R. & E. Co. v. Crain,* 123 Md. 322, 91 Atl. 405; *United R. & E. Co. v. Watkins,* 102 Md. 263, 62 Atl. 234; *United States El. L. Co. v. Sullivan,* 22 App. D. C. 115; *Venduplank v. Miller,* 1 M. & M. 169; *Walter v. B. & O.* 6 App. D. C. 20; *Ward v. District of Columbia,* 24 App. D. C. 524; *Warner v. B. & O.* 7 App. D. C. 79; *Washington & O. D. R. Co. v. Zell,* 118 Va. 755, 88 S. E. 309; *Williams v. Holland,* 10 Bing. 61, 6 Car. & P. 23; *Willfond v. Omaha*

& St. L. R. Co. 117 Iowa, 548, 90 N. W. 358; 28 Cyc. 393; 5 Enc. Pl. & Pr. 10.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The court instructed the jury that if they found the plaintiff guilty of contributory negligence she could not recover.

Appellant asserts, among other things, that there was no evidence of contributory negligence on the part of the plaintiff to go to the jury. It is well settled in the Federal jurisdiction that the negligence of the driver of a passenger vehicle is not imputable to his passenger, where the latter has no right to control his actions and makes no effort to do so. *Baltimore & O. R. Co.* v. *Adams,* 10 App. D. C. 97, 105; *Little* v. *Hackett,* 116 U. S. 366, 371, 29 L. ed. 652, 654, 6 Sup. Ct. Rep. 391; *Union P. R. Co.* v. *Lapsley,* 16 L.R.A. 800, 2 C. C. A. 149, 4 U. S. App. 542, 51 Fed. 174; *Pyle* v. *Clark,* 25 C. C. A. 190, 49 U. S. App. 260, 79 Fed. 744, 2 Am. Neg. Rep. 100; *Southern P. Co.* v. *Wright,* 160 C. C. A. 339, 248 Fed. 263.

In the *Adams Case* this court quoted the following language from the decision of the Supreme Court of the United States in *Little* v. *Hackett:* "A person who hires a public conveyance and gives the driver directions as to the place to which he wishes to be conveyed, but exercises no other control over the conduct of the driver, is not responsible for his acts or negligence."

The circuit court of appeals for the eighth circuit, speaking through Judge Sanborn in the *Pyle Case,* ruled that "the negligence of the owner and driver of a vehicle cannot be imputed to one who is riding with him gratuitously, so as to defeat a recovery for an injury caused by the concurring negligence of the driver and the third person." This is directly in point. So is the *Southern P. Co. Case.* One Wright, while riding upon an auto truck, was instantly killed at a railroad crossing, in a collision between the truck and an engine of a passenger train operated by the defendant company. The truck was being run by a person put in charge of it by the owner. Wright

had no control over him. It was contended that the driver's negligence should be imputed to Wright. In rejecting the contention, the court said that, until Wright had some reason to suspect that the driver was incompetent or careless, "he not only had the right, but it was his duty, to assume that he would not rashly or carelessly go into peril. Generally it is the duty of the passenger to sit still and say nothing. It is his duty, because any other course is fraught with danger. Interference, by laying hold of an operating lever, or by exclamation, or even by direction or inquiry, is generally to be deprecated; in the long run, the greater safety lies in letting the driver alone."

In the case at bar, according to the undisputed testimony, the plaintiff had no right to direct her son, and did not attempt to do so. The automobile was his, and he was experienced in the handling of it. She was his guest. So, if there was testimony from which the jury could find negligence on his part contributing to the accident it did not affect her case.

Plaintiff's own conduct discloses no want of proper care for her safety. What could she have done under the circumstances to protect herself? The law did not require her to jump from the automobile. If she did, her injuries would in all probability have been more serious than they were. If she sought to direct her son, her efforts, no doubt, would have been more confusing than otherwise. He was compelled to act on the spur of the moment, and it would have been impossible for her to have influenced his action for her safety under the circumstances. Besides, it is a matter of common knowledge among those familiar with the handling of automobiles in motion that "driving from the back seat" is extremely dangerous. We can perceive nothing in the evidence on which the jury could have predicated negligence on plaintiff's part, and therefore we think the court erred in submitting the question to the jury.

For the reasons stated the judgment is reversed, with costs, and the case remanded to the lower court, with directions to grant a new trial. *Reversed.*

A motion for rehearing was overruled January 25, 1919.