FOWLER-CURTIS COMPANY, Respondent, v. CHARLES STONE DEAN, Appellant.

Third Department, November 15, 1922.

**Fraud and deceit — sufficiency of complaint — allegation that defendant falsely represented that company of which he was director had accepted plaintiff's offer and that he had letter of acceptance in his office — further allegation that plaintiff relied on representations and refused contracts from others — complaint insufficient.**

A complaint in an action for fraud and deceit does not state a good cause of action which alleges that the plaintiff manufactured shirts for a corporation of which the defendant was a director; that the plaintiff notified the corporation that it would no longer continue to manufacture shirts for it; that at the request of the defendant the plaintiff submitted an offer to continue to manufacture shirts for the corporation upon the terms set forth in its letter; that the defendant shortly thereafter came to plaintiff's office and " with intent to deceive and defraud the plaintiff, falsely and fraudulently represented to the plaintiff that the offer of the plaintiff  *  *  *  had been accepted " by the corporation and that the defendant stated that the corporation " had written to the plaintiff accepting the offer according to its terms and that the letter was in the possession of the defendant, but that through an oversight he had left it on a desk in his office at Troy, N. Y., instead of bringing it " to the plaintiff, and which further alleges that the plaintiff believed the representations to be true and was thereby induced to refuse other contracts for the manufacture of shirts; that the representations were false and known by the defendant to be false, and that the plaintiff was damaged by the deceit of the defendant.

VAN KIRK and KILEY, JJ., dissent, with opinion.

APPEAL by the defendant, Charles Stone Dean, from an order of the Supreme Court, made at the Warren Special Term and entered in the office of the clerk of the county of Warren on the 21st day of June, 1922, denying defendant's motion to dismiss the complaint.

*Herbert F. Roy,* for the appellant.

*J. Edward Singleton,* for the respondent.

H. T. KELLOGG, Acting P. J.:

The complaint alleges that prior to September, 1919, the plaintiff manufactured shirts for Cluett, Peabody & Co., Inc.; that in all matters relating to such manufacture the defendant acted as the agent of Cluett, Peabody & Co., Inc.; that the defendant was at all times a director of that company; that prior to September, 1919, the plaintiff notified Cluett, Peabody & Co., Inc., that it would discontinue to manufacture shirts for it; that the plaintiff had at this time an opportunity to manufacture shirts for another corporation on better terms; that on September 20, 1919, at the

office of the plaintiff, defendant requested the plaintiff to continue its manufacture of shirts for Cluett, Peabody & Co., Inc.; that plaintiff agreed so to continue if a satisfactory arrangement could be made with that corporation; that upon such day it wrote Cluett, Peabody & Co., Inc., that it would continue to manufacture shirts upon terms set forth in its letter of that date. The complaint then proceeds with the following allegation: " That about ten days thereafter the above named defendant came to the office of the plaintiff at Glens Falls, N. Y., and with intent to deceive and defraud the plaintiff, falsely and fraudulently represented to the plaintiff that the offer of the plaintiff as set forth in its letter of September 20, 1919, had been accepted by Cluett, Peabody & Co., Inc., and stated that said Cluett, Peabody & Co., Inc., had written to the plaintiff accepting the offer according to its terms, and that the letter was in the possession of the defendant, but that through an oversight he had left it on a desk in his office at Troy, N. Y., instead of bringing it to Glens Falls for delivery to the plaintiff." The complaint further alleges that the plaintiff believed the representations to be true; that it was thereby induced to refuse other contracts for the manufacture of shirts; that the representations were false and known by the defendant to be false; that Cluett, Peabody & Co., Inc., had not written to the plaintiff accepting its terms as stated by the defendant; that Cluett, Peabody & Co., Inc., thereafter refused to receive shirts manufactured by the plaintiff; that the plaintiff was damaged by the deceit of the defendant in the sum of $25,000. The complaint demanded judgment against the defendant for the sum of $25,000. The defendant made a motion at Special Term for an order dismissing the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The motion was denied, and from the order denying the motion this appeal was taken.

The alleged representation that the offer of the plaintiff, as contained in its letter of September 20, 1919, " had been accepted by Cluett, Peabody & Co., Inc.," must be considered in the light of the further alleged representation, contained in the same sentence, " that said Cluett, Peabody & Co., Inc., had written to the plaintiff accepting the offer." Evidently the only represented " acceptance " intended to be alleged was an " acceptance " by the writing in question, for, if the writing was one " accepting " the offer, there could have been no previous " acceptance." It is elementary that an offer is not accepted until a communication of acceptance is made or mailed to the offeror and that until such time there is no contract. The writing of " acceptance " was represented, under the express allegations of the complaint, to have been in the

possession of the defendant, a director and agent of Cluett, Peabody & Co., Inc., and, therefore, in the possession of that company, at the very moment when the alleged representations were made. Consequently, a legal acceptance of the offer of the plaintiff was never represented. The plaintiff could not have been induced to believe, therefore, by any misrepresentation of the defendant, that it had a contract with Cluett, Peabody & Co., Inc., for the manufacture and sale to it of shirts. It could justly have believed that Cluett, Peabody & Co., Inc., had *determined* to accept its offer and, at the moment of the representation, *intended* to contract with the plaintiff. No representation which induced the plaintiff so to believe was other than a representation of *expectations.* It was in no sense a representation as to a material existing fact. Therefore, the complaint did not state a cause of action.

The order should be reversed, with costs, and the complaint dismissed, with costs.

HASBROUCK, J., concurs; HINMAN, J., concurs with an opinion; VAN KIRK, J., dissents with an opinion in which KILEY, J., concurs.

HINMAN, J. (concurring):

I agree that technically the plaintiff could not have believed that it had a valid and enforcible contract. It was presumed to know the law and thus to know that if the letter of acceptance was still in the possession of the defendant, the agent of Cluett, Peabody & Co., Inc., unmailed and undelivered, there was no legal acceptance of the offer. It was the duty of the plaintiff, under such circumstances, if it wished to enforce that contract or to protect itself from damages due to its breach, to insist upon the legal acceptance. It had a duty to protect itself in any way open to it. There was a way. It had a right to temporarily adjust its course upon the basis of the oral statement of Dean and to assume as the necessary effect of Dean's representations that it was the intention of Cluett, Peabody & Co., Inc., to contract and the duty of Dean to do what he inadvertently failed to do that day, *i. e.,* to deliver or mail the letter of acceptance and thus perfect a contract. It was the plaintiff's duty, however, to so rely only for such reasonable period as would be necessary to accomplish such intentions upon the return of Dean to his office. The plaintiff had no right to permit a year to elapse without protecting its rights and then to sue for damages upon the basis of loss of profits from failure to carry out for another year an unenforcible contract.

The plaintiff had a cause of action apparently but it has mistaken its remedy. It has adopted a wrong theory of damage. The damage which naturally flowed from the fraud was not loss of

profits for failure of this contract but loss of profits, if any, which flowed from the refusal of other contracts, relying upon the fraud of the defendant, if such refusals and loss could be said to have proximately resulted from the fraud and not from the plaintiff's own failure to protect itself after the discovery of the fraud or after it ought to have discovered it.

Mr. Justice KELLOGG concludes that the plaintiff " could justly have believed that Cluett, Peabody & Co., Inc., had *determined* to accept its offer and, at the moment of the representation, *intended* to contract with the plaintiff. No representation which induced the plaintiff so to believe was other than a representation of *expectations*. It was in no sense a representation as to a material existing fact." By " expectations " I presume Mr. Justice KELLOGG means something intended to take place in the future and, therefore, that something was not an existing fact. I think that he has missed a point in his analysis. The important thing was that it was a misrepresentation of a present intention, a thought embraced in the statement of Mr. Justice KELLOGG's conclusion but which he does not apply. What else could the defendant have conveyed in his representations than that his company intended to contract with the plaintiff? That it had expressed its intention to do so in writing was vouched for by the agent. He says, in effect, that nothing further was needed than to correct his inadvertence; that there had been a meeting of the minds of the parties; that legal perfection of the contract was due only to his neglect of duty. That he was charged with the duty to carry out instructions to mail or deliver and that he would do so in obedience to his instructions was inherent in the representations made.

If the representation of Dean as to the existence of the letter and his inadvertent failure to bring it with him for delivery can be interpreted as expressive of an intention to contract, which I think is the necessary implication and to which Mr. Justice KELLOGG seems to agree, it was a false and fraudulent representation, made with intent to deceive the plaintiff, who relied upon it and was a fraudulent misrepresentation of a material existing fact of which the court will lay hold for the purpose of doing justice. (*Adams* v. *Gillig*, 199 N. Y. 314; *Ritzwoller* v. *Lurie*, 225 id. 464.)

Within the principles laid down in those cases, the intention to contract was an affirmation of something which was to occur when the party making the affirmation knew perfectly well that no such thing was to occur. A fact, according to Webster, is " a thing done; * * * an actual happening in time or space; any event, mental or physical." A misrepresentation of one's intention at the time

is a misrepresentation of an existing fact. As Lord BOWEN once said: " The state of a man's mind is as much a fact as the state of his digestion."

The plaintiff alleges that, relying upon the statements made by the defendant, it refused other contracts which had been offered to it. The plaintiff had a right to rely upon this representation for a reasonable period thereafter as a guide to its action during such period, which should be measured by such a time at least as would have permitted the plaintiff to have received such letter in due course of the mails upon the return of the defendant to his office. Whatever action the plaintiff may have taken based upon such misrepresentation during such period resulting in its damage entitled it to recover the same upon the basis of fraud. The complaint indicates the possibility of such special damage flowing directly from this fraud by alleging generally that the plaintiff refused other contracts by reason of the false and fraudulent representations of the defendant. The date or dates of such refusals is not stated in the complaint and no particulars are alleged from which it can be determined what, if any, damage was suffered by reason of such refusals. If the plaintiff did refuse such contracts during the period reasonably required for the receipt of the letter of acceptance from Cluett, Peabody & Co., Inc., and if there were sufficient allegations of special damage directly flowing from this fraud, there might be a recovery. The complaint, however, is too meagre in its statement of facts in regard to any such theory of liability and the theory of damage expressed in the complaint is for loss of profits due to the failure of Cluett, Peabody & Co., Inc., to complete the alleged contract. Damages such as are the natural but not the necessary result of fraud are special and must be alleged. (*Vanderslice* v. *Newton,* 4 N. Y. 130.)

Since the complaint does not state a cause of action based upon loss of profits under a supposed contract with Cluett, Peabody & Co., Inc., due to the fraud of the defendant or a cause of action based upon loss of profits with any other concern by reason of the fraud, I agree with Mr. Justice KELLOGG that the complaint should have been dismissed for failure to state facts sufficient to constitute a cause of action.

VAN KIRK, J. (dissenting):

The sole question presented is the sufficiency of the complaint. The gravamen of the action intended to be stated is fraud and resulting damage. Such an action involves: (1) A false statement known to be false and made to influence the act of another; (2) reliance

21

upon such false statement and action thereupon in good faith; (3) loss suffered directly because of the fraud. (*Arthur* v. *Griswold*, 55 N. Y. 400; *Brackett* v. *Griswold*, 112 id. 454.) Each one of these essential elements is alleged in the complaint.

But it is said that there is in the complaint no misrepresentation of a material fact; there was merely representation of an expectation; that the plaintiff could not have been induced to believe by any representation made by the defendant that it had a contract with Cluett, Peabody & Co., Inc., for the manufacture and sale of its shirts; but it could have believed only that Cluett, Peabody & Co., Inc., had determined to accept its offer and at the moment of the representation intended to contract with the plaintiff. In other words, that the defendant's only representation was that Cluett, Peabody & Co., Inc., were sending an acceptance in writing, which plaintiff would later receive.

I think the complaint is susceptible of a different construction and is entitled to such construction upon this appeal. For several years before plaintiff had manufactured shirts for Cluett, Peabody & Co., Inc., during all which time this defendant was its agent, representing it in its dealings with the plaintiff. The plaintiff in August notified Cluett, Peabody & Co., Inc., that it intended to discontinue manufacturing shirts for it. Thereupon this defendant came to plaintiff's office and requested plaintiff to continue manufacturing shirts for Cluett, Peabody & Co., Inc., Plaintiff agreed to continue, provided a satisfactory arrangement could be made, and, pursuant to the conversation with defendant, wrote to Cluett, Peabody & Co., Inc., that it would manufacture shirts as requested (through defendant), stating: We " have completed arrangements whereby we will be able to do your work here for the next two years in accordance with our conversation and understanding with your Mr. Dean. We are writing you with reference to the agreement we reached and which, when acknowledged by you, will constitute our working agreement for the next two years." No reply by letter was received from Cluett, Peabody & Co., Inc.; but the defendant came to plaintiff's office in Glens Falls, and, with intent to deceive and defraud the plaintiff, falsely and fraudulently represented to the plaintiff that the offer of the plaintiff, as set forth in its letter of September 20, 1919, had been accepted by Cluett, Peabody & Co., Inc. Had the complaint stopped there, the plaintiff certainly could have proved, had defendant's statement been true, that Cluett, Peabody & Co., Inc., had acknowledged and accepted the proposition stated in the plaintiff's letter of September twentieth. The allegation continues, however, " and stated that said Cluett, Peabody & Co., Inc., had written to the plaintiff

accepting the offer according to its terms, and that the letter was in the possession of the defendant, but that, through an oversight, he had left it on a desk in his office at Troy, N. Y., instead of bringing it to Glens Falls for delivery to plaintiff." It appears to me this latter expression may be construed as a statement made by Dean to fortify his word that Cluett, Peabody & Co., Inc., had accepted the proposition; and the subsequent acts of the parties, which will be later referred to, indicate that such was the construction placed upon the representation by this plaintiff. Had Cluett, Peabody & Co., Inc., authorized Dean to orally accept the plaintiff's proposition, such oral acceptance would have made a valid contract at common law, enforcible in the courts, unless the bar of the Statute of Frauds was invoked by demurrer or answer. (*Crane* v. *Powell*, 139 N. Y. 379, 384; *Matthews* v. *Matthews*, 154 id. 288.) Plaintiff did not have a valid contract simply because Dean's statement was false. Also in equity an oral contract condemned by the Statute of Frauds, but relying upon which a party has done some act in part performance, which by breach of the contract would be very injurious to him, will be enforced. The offending party will not be allowed shelter under the statute. (*Miller* v. *Ball*, 64 N. Y. 286, 291.) The Statute of Frauds is a shield which a party may or may not use at his election, as he may or may not use the Statute of Limitations. (*Crane* v. *Powell, supra*, 388.)

It is true that in *Dung* v. *Parker* (52 N. Y. 494) it is held that an agent who falsely represents his authority to make a contract on behalf of another is not liable in contract or in tort unless the principal would have been bound by the contract made if the agent had such authority; that a contract void by the Statute of Frauds cannot be enforced directly or indirectly and confers no right and creates no obligation as between the parties to it or as against third persons. The above cited cases (*Crane* v. *Powell* and *Matthews* v. *Matthews*) have established a different rule as to contracts which come within the Statute of Frauds.

The plaintiff was justified in believing that the acceptance of its proposition, delivered orally by Dean, made a valid contract and the subsequent acts of the parties fortify this belief. For a whole year Cluett, Peabody & Co., Inc., dealt with the plaintiff and plaintiff during that period manufactured shirts for Cluett, Peabody & Co., Inc. This business relation was carried on after Cluett, Peabody & Co., Inc., had received word that this plaintiff would not longer manufacture for it, after its agent had solicited continuance, and after it had received the letter which plaintiff had written to it, stating the terms on which plaintiff would con-

tinue. Evidence would be admissible under this complaint that settlements for the work done by plaintiff were made during this year by Cluett, Peabody & Co., Inc., and that those settlements were made upon the terms proposed in the plaintiff's letter of September twentieth. The plaintiff would not have continued to manufacture for Cluett, Peabody & Co., Inc., except that it believed that Cluett, Peabody & Co., Inc., had acknowledged and accepted its proposition and so made a valid contract. That supposed contract was partly performed. The agent Dean's statement was not a promise or an expression of an opinion or of an expectation; it was a statement of a material fact. It was false, was made to induce plaintiff to act and plaintiff did act upon it; the plaintiff suffered damages thereby; the fraud is actionable. (*Hadcock* v. *Osmer*, 153 N. Y. 604.) A man who has perpetrated a deliberate fraud to the injury of another should not escape the consequences of his act because that other did not know of, or did not know the meaning of, the Statute of Frauds.

The order should be affirmed.

KILEY, J., concurs.

Order reversed on the law, with ten dollars costs and disbursements, and complaint dismissed, with ten dollars costs, with leave to plaintiff to serve amended complaint within twenty days on payment of such costs.