## DRINON v. WILSON.

### No. 366.

Circuit Court of Appeals, Second Circuit.

July 23, 1940.

Fenton, Wing & Morse, of Rutland, Vt., for appellant.

Lawrence & O'Brien, of Rutland, Vt., for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff is the administratrix upon the estate of Barbara Ann Wood, who was killed when an automobile driven by the defendant in which she was riding as his guest crashed into a concrete culvert early in the morning of August 14, 1938. The accident happened in the Village of North Clarendon, Vt., and is the one which also caused the death of another girl whose administrator likewise recovered a judgment against the defendant which we affirmed on appeal in Powers v. Wilson, 2 Cir., 110 F.2d 960. As the controlling circumstances were exactly the same, reference to our former opinion will suffice to disclose all essential facts. Jurisdiction was based upon diversity of citizenship and this appeal is in the main controlled by our decision in the cause just mentioned.

At this trial, however, the plaintiff was permitted over the objection of the defendant to introduce in evidence a photograph of the decedent. She had been a pretty girl and it was argued that the introduction of the photograph could not serve any purpose relevant to the issues but must have excited the sympathy of the jury to the prejudice of the defendant. In Vermont only such damages are recoverable as were suffered by the next of kin from a strictly pecuniary standpoint. Lazelle, Adm'r, v. Town of Newfane, 70 Vt. 440, 41 A. 511. Reliance is put upon Smith v. Lehigh Valley R. Co., 177 N.Y. 379, 69 N.E. 729, and Fearon v. New York Life Ins. Co., 162 App.Div. 560, 147 N.Y.S. 644, to support the argument that it was reversible error to admit the photograph. Those cases do, indeed, hold that where the appearance of the deceased is immaterial it is reversible error to permit evidence of it in the form of a photograph to go before the jury when the apparent object to be so attained is the enlistment of the sympathy or prejudice of the jury. That is certainly a salutary rule but where the kind of person the deceased in fact was has an important bearing upon the issues the rule does not require the exclusion of a picture as is shown by O'Donnell, Adm'r, v. Johnson, 218 App.Div. 857, 219 N.Y.S. 873. To the same effect is Nolte v. Chicago, R. I. & P. Railway Co., 165 Iowa 721, 728, 147 N. W. 192. See, also, Ashland Sanitary Milk Co. v. Messersmith's Adm'r, 236 Ky. 91, 32 S.W.2d 727.

In this case the pecuniary benefit to the next of kin which was lost by the death was what financial aid the deceased would have given her parents had she lived. Her next of kin were her father and mother. Her contributions in money or its equivalent for their benefit depended much upon the kind of girl she was and her photograph was certainly some evidence to aid the jury in determining that. Having evidential value for that legitimate purpose its introduction was not erroneous. See, Goulette's Adm'r v. Grand Trunk Railway Co., 93 Vt. 266, 107 A. 118.

The defendant requested the court to charge the jury that if the defendant became drowsy and the accident occurred because he lost control of the car for that reason and the deceased knew or should have known of his condition and knew such a result was likely to happen and knowing and appreciating the risks and dangers attendant upon her thereafter riding with him she voluntarily continued to do so she assumed the risk of so doing and could not recover. To the refusal so to charge, the defendant excepted. Regardless of whether or not the request was sound in law, its refusal in this case was not error because there was no evidence worth the name that the deceased did have reason to believe that the defendant had become drowsy to such an extent that he would lose control of the car and have such an accident. It was not error to refuse to charge upon the assumption that the jury would make any findings unwarranted by the evidence.

Judgment affirmed.