ALBINA ROST, as Administratrix of the Estate of ERNEST F. ROST, Deceased, Respondent, v. GEORGE A. KESSLER, Appellant.

Fourth Department, May 10, 1944.

*Robert C. Winchell* for appellant.

*Harley N. Crosby* and *John J. McInerney* for respondent.

*Per Curiam.* On April 22, 1942, about 7:45 P. M. the defendant and the plaintiff's intestate were traveling in an automobile owned by the defendant on Lake Road, Ontario, N. Y. The car left the highway and collided with a tree. As a result of the collision, the plaintiff's intestate sustained a broken neck from which he died almost instantly. The plaintiff has recovered a judgment against the defendant for damages and costs in the amount of $9,538. From that judgment the defendant has appealed.

The crucial question litigated on the trial was as to who was driving the automobile at the time of the accident. The plaintiff and her daughter testified that the defendant told them that he was driving the car at the time of the accident. The defendant testified that he was not driving it at the time of the accident. The court refused to permit the defendant to testify as to who was driving the automobile at the time of the accident. The defendant excepted. We think this ruling was erroneous. Under section 347 of the Civil Practice Act, as amended in 1940, the defendant could testify as to the facts of the accident. In *Fowler-Curtis Co.* v. *Dean* (203 App. Div. 317) the court defined the word " fact " at pages 320–321: " A fact, according to Webster, is ' a thing done; * * * an actual happening in time or space; any event, mental or physical.' * * *." (See, also, *Lackey* v. *Vanderbilt,* 10 How. Pr. 155, 161; *Drake* v. *Cockroft,* 4 E. D. Smith 34, 37; 25 Corpus Juris, p. 335; 35 Corpus Juris Secundum, p. 384.) The word " facts " as used in section 347 denotes an act, a thing done. The driving of the car was an act, a thing done, and if the decedent was driving, as claimed by the defendant, that would be an act, a thing done by him, to which the defendant was competent to testify.

We also think it was error to strike out the testimony of Officer Kehoe, in substance, that he had seen the defendant and the intestate at 5:00 P. M. on the afternoon of the accident and that the intestate was then driving the defendant's car. The jury might have found, had that testimony not been stricken out, that it corroborated the defendant's testimony that he was not driving at the time of the accident.

The plaintiff's recovery rests almost exclusively upon admissions claimed to have been made to the plaintiff and her daughter when the defendant called to condole with them in

their bereavement. According to their testimony, defendant stated that he himself was driving the car; that the deceased was seated next to him; that the road was crowned and stoned; that he was going faster than he should have and that he lost control causing the car to swerve back and forth and turn over; that he hung onto the wheel; that the intestate hit his head on the ceiling of the car and that there was a blood spot on the right side up over his head; that the intestate had not been drinking; that he, defendant, got out of the left side of the car after the accident. These admissions involved every item essential to fasten liability upon the defendant. The learned court permitted the defendant to deny that he had made such sweeping admissions but he would not allow him to give his version of the conversation. This was error. The defendant was entitled to tell what he said to the plaintiff and her daughter. (*Cole* v. *Sweet,* 187 N. Y. 488, 492.)

In a case so close as this the court should have permitted the defendant to testify to the facts which occurred at the time of the accident and for a reasonable period prior thereto; to any material fact which tended to shed light on the happening of the accident and which fact did not involve the detailing of a conversation with the deceased.

The judgment and order should be reversed on the law and a new trial should be granted, with costs to the appellant to abide the event.

All concur. Present — CUNNINGHAM, P. J., TAYLOR, DOWLING, McCURN and LARKIN, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.