**PEAKE v. RAMSEY (two cases).**

**PATRICK v. SAME.**

Nos. 299, 301, 300.

Municipal Court of Appeals for the
District of Columbia.

Aug. 24, 1945.

S. J. Pokrass, of Washington, D. C. (M.
S. Mazzuchi, of Washington, D. C., on the
brief), for appellants.

Wilbert McInerney, of Washington, D.
C. (Lewis A. McGowan, Jr., of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge,
and CAYTON and HOOD, Associate
Judges.

HOOD, Associate Judge.

The actions below arose out of a collision
between an automobile operated by Peake
and one operated by Ramsey. Mrs. Peake

and Miss Patrick were passengers in Peake's car, and they and he brought separate actions against Ramsey. In Peake's action, Ramsey filed a counter-claim; and in the actions of the two passengers Ramsey brought Peake in as a third-party defendant, seeking contribution from him in the event the jury should find that the passengers' injuries resulted from the concurrent negligence of Peake and Ramsey. The jury found in favor of Ramsey as defendant in each of the three original actions and in favor of Peake as defendant to Ramsey's counter-claim. No verdicts were returned in the third-party proceedings. Peake and the passengers have appealed.

■ The collision occurred in the intersection of Maryland Avenue and Eleventh Street, Northeast. The Peake car was going south on Eleventh Street and the Ramsey car east on Maryland Avenue. The front of Ramsey's car struck the right front fender and door of Peake's car. The intersection is controlled by traffic lights which were in operation at the time. Peake's testimony was that he entered the intersection on a green light and that the caution or yellow light did not appear until he was well within the intersection. Ramsey's testimony was that the light controlling Maryland Avenue traffic turned from red to green before he reached the intersection and he entered on the green light. Taking into consideration the width of the intersection, the fact that the yellow or caution light appears for five seconds before the light changes from green to red, and the speeds at which the cars were travelling, it is obvious that if both drivers were accurate in their testimony, the collision would not have occurred. But the cars did collide, and it is rather plain that one of the drivers—perhaps both—tried to "beat" the lights. This, of course, presented a question for the jury; and the verdict of the jury would have to stand, except for certain errors which we find occurred during the trial.

■ Peake was asked on cross-examination if he had stated to a police officer that the yellow light appeared before he reached the intersection and that he speeded up in order to get through. He denied making such statement. Officer Dunn, called as a witness by Ramsey, testified that Peake made such a statement to him shortly after the accident; and another officer testified to hearing Peake make the statement. On re-examination Peake was asked if he made the statement to the officer and upon his denial, was asked: "What did you tell him, if anything?" Objection was made to this question on the ground that the answer would be a self-serving declaration. The court sustained the objection, and this, we think, was error.

The alleged admission of Peake that he entered the intersection after the caution light appeared not only contradicted his own testimony but also constituted an admission against interest on which the jury might have found that he was negligent in his attempt to pass the intersection. Other evidence of negligence on his part was slight; and, therefore, the question of whether he made this admission was vital to the issue before the jury. The opposing party having been permitted to give his version of the conversation with the officer, we know of no rule which prevented Peake from giving his version. "If it were competent for one party to prove this conversation, it was equally competent for the other party to prove their version of it." Carver v. United States, 164 U.S. 694, 697, 17 S.Ct. 228, 229, 41 L.Ed. 602. See also, Rost v. Kessler, 267 App.Div. 686, 49 N.Y. S.2d 97; Southern Transportation Co. v. Ashford, 5 Cir., 48 F.2d 191; City & Suburban R. Co. v. Svedborg, 20 App.D.C. 543, affirmed 194 U.S. 201, 24 S.Ct. 656, 48 L.Ed. 935; State v. Winkley, 14 N.H. 480. To confine the witness to a mere denial of making the statement and to refuse to allow him to testify to what he claimed constituted the true account of the conversation, constituted prejudicial error.

■ At the close of the testimony Ramsey offered instructions to the jury relating to contributory negligence of the passengers as a defense to their actions. The pleadings did not raise the issue of contributing negligence in the passengers' cases, but the trial court permitted Ramsey to set up this defense by amendments to the answers, and then granted the instruction. The passengers claim that they were prejudiced by this last minute amendment, made after the testimony was closed. Rule 15 of the trial court, identical with Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c gives the trial court wide discretion in the allowance of amendments both before and during trial. Without determining whether the trial court abused its discretion in this instance, we pass to what we consider the

more substantial question. Did the evidence warrant an instruction on the question of contributory negligence of the passengers?

■ The collision occurred in daylight; the weather was clear and the streets dry. There was no evidence of excessive speed of the Peake car as it approached the intersection. The intersection was controlled by traffic lights and the light was green as the Peake car neared the intersection. Traffic was not heavy. There was nothing to cause the passengers to be apprehensive of peril or be on the alert for danger. Peake was a driver of five years' experience. His passengers were his wife and a young girl. They were not in control of the car and had no cause to anticipate that the one who did control the operation of the car would do any act to imperil their safety. Taking the strongest view against him, Peake's negligence occurred when he reached the intersection, saw the yellow or caution light, and, instead of stopping, increased his speed in an attempt to clear the intersection before cross traffic reached it. His decision to so act, and his action, would be almost instantaneous. The car would be in the intersection before the passengers would be aware of his decision. What could they do, or omit to do, for their own protection? Assuming Peake was negligent, his negligence could not be imputed to the passengers. Smith v. Doyle, 69 App. D.C. 60, 98 F.2d 341; Old Dominion Stages, Inc. v. Connor, 67 App.D.C. 158, 90 F.2d 403. Any contributory negligence preventing their recovery must be their own negligence in failing to exercise a proper degree of care. Miller v. Union Pac. R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285. We find no evidence of such failure on their part.

■ The traffic regulations provide that when the yellow or "caution" light is shown with the green or "go" light, "traffic facing the signal shall stop before entering the nearest crosswalk at the intersection, unless so close to the intersection that a stop cannot be made in safety." The decision to stop, or to proceed because a stop cannot be made in safety, must be the decision of the driver and not of his passengers. The decision must be made on the spur of the moment and any attempt by a passenger to direct or control the driver's action is more likely to confuse than to aid. If under such circumstances the passenger remains silent and trusts to the judgment of the driver, we see no basis upon which a jury could find the passenger guilty of contributory negligence. Burke v. Anacostia & P. R. Co., 48 App.D.C. 296; Bernhardt v. City & S. Ry. Co., 49 App.D.C. 265, 263 F. 1009; Drinon v. Wilson, 2 Cir., 113 F.2d 654; Garcia v. Moncada, 127 Tex. 453, 94 S.W.2d 123.

■ Ordinarily, contributory negligence is a question for the jury, but where there is no basis in the evidence for a finding of contributory negligence, it is error to instruct on the subject and thereby submit to the jury an issue outside the evidence. McCrate v. Morgan Packing Co., 6 Cir., 117 F.2d 702; Epperson v. Wright, 277 Ky. 205, 126 S.W.2d 123; Engler v. Reed, 53 Ohio App. 15, 4 N.E.2d 170.

One other question requires our consideration. By third-party proceedings in the passengers' actions, Ramsey brought Peake in as a third-party defendant. In so doing Ramsey's purpose was to obtain a judgment for contribution from Peake in the event the jury found that the injuries to the passengers resulted from the negligence of both Peake and Ramsey. Since the cases must go back for a new trial, we must determine the correctness of permitting third-party proceedings. This brings us to consideration of the decision in George's Radio, Inc., v. Capital Transit Company, 75 U.S.App.D.C. 187, 126 F.2d 219.

Prior to the George's Radio case the rule in this jurisdiction was that no contribution was allowed between wrongdoers, but that decision laid down a new rule permitting contribution between tort-feasors under certain circumstances. The question here is whether the rule applies between two strangers who have personally participated in acts of concurrent negligence resulting in injuries to a third party.

In the George's Radio case the court stated the question before it thus: "The question in this case is whether—in the District of Columbia—a right of contribution exists and should be declared between two persons liable for a tort in the absence, on the part of either, of any personal participation, personal culpability, fraud, or moral wrong." The court concluded its opinion by saying: "We adopt for the District of Columbia the rule that when the parties are not intentional and wilful wrongdoers, but are made so by legal inference or intendment, contribution may be enforced."

It appears to us that the rule laid down was restricted in 'its application. There the parties were wrongdoers under the legal principle of respondeat superior. The court in its opinion emphasized the absence of personal participation of the parties and their vicarious responsibility; and this was not necessary if the court intended to rule that contribution may be had between negligent tort-feasors as distinguished from wilful wrongdoers, without regard to personal participation or personal culpability. It is true that some language of the opinion, and some language in decisions cited by it, indicate that contribution should be allowed in cases of simple negligence regardless of personal participation; but with two possible exceptions, in all the cases cited the party allowed contribution did not personally participate in the negligence. We note that though the court cited Ellis v. Chicago & N. W. Railway Co., 167 Wis. 392, 167 N.W. 1048, permitting contribution where the parties were responsible under the doctrine of respondeat superior, it did not cite Mitchell v. Raymond, 181 Wis. 591, 195 N.W. 855, a later Wisconsin case which permitted contribution between individuals who personally participated in the negligence. And we note that in the face of Gobble v. Bradford, 226 Ala. 517, 147 So. 619, holding there could be no contribution between individuals personally guilty of negligence, the George's Radio case cited the earlier Alabama case of Eureka Coal Co. v. Louisville & N. R. Co., 219 Ala. 286, 122 So. 169, permitting indemnity between two corporations. Furthermore, the court in stating the rule adopted by it, cited and substantially adopted the language of 1 Cooley on Torts, 4th Ed., 297, 298, which cited authority, at p. 299, also states: "Where, however, the two persons were both culpable tort feasors, the general rule applies and neither has any enforceable right to contribution from the other." All this leads us to the conclusion that the doctrine of George's Radio case does not extend to a case like the present one where the parties personally participated in the negligence and are wrongdoers by their own acts and not by legal inference or intendment. Justice Morris, of the District

Court of the United States for the District of Columbia, reached a similar conclusion. Menter v. Barnes, 47 F.Supp. 932, 934.[1]

It is argued that some language in McKenna v. Austin, 77 U.S.App.D.C. 228, 134 F.2d 659, 148 A.L.R. 1253, is contrary to our conclusion. It is not clearly contrary, and the decision of that case did not directly involve the question of contribution. Furthermore, the parties in that case, 'like those in the George's Radio case, were responsible only under the doctrine of respondeat superior.

The cases in other jurisdictions are not too helpful. We find them making the test of contribution whether there is "willful or conscious wrong" (Ellis v. Chicago & N. W. Ry. Co., 167 Wis. 392, 167 N.W. 1048, 1051), whether the party "knew that such act was wrongful" (Goldman v. Mitchell-Fletcher Co., 292 Pa. 354, 141 A. 231, 234), whether the party "knew, or must be presumed to have known, that the act for which he has been held liable was wrongful" (Horrabin v. City of Des Moines, 198 Iowa 549, 199 N.W. 988, 990, 38 A.L.R. 554), whether the party "must be presumed to have known that he was doing an illegal act" (Underwriter at Lloyds v. Smith, 166 Minn. 388, 208 N.W. 13, 14), whether "the wrong is malum in se" (Payne v. Charleston National Bank, 112 W.Va. 251, 164 S.E. 252, 253), and whether the party "acted without moral guilt or wrongful intent" (Turner v. Kirkwood, 10 Cir., 49 F.2d 590, 596, certiorari denied 284 U.S. 635, 52 S.Ct. 18, 76 L.Ed. 540). If one who operates an automobile on a public street in a negligent manner is guilty of a wrongful and illegal act, and is presumed to know what he is doing, then under most of the tests stated such a driver would not be entitled to contribution. Yet some of the cases indicate contribution should be allowed even in such a case. But none of the decisions gives a satisfactory standard for applying the test of contribution where the one seeking it has been guilty of a personal act of negligence. A number of states have regulated the subject by statute. E.g., American Automobile Insurance Co. v. Mack, D. C., 34 F.Supp. 224 (Ky. statute); Malkin v. Arundel Corp., D.C., 36 F.Supp. 948 (Md. statute);

---

[1] See comment on the George's Radio case in 3 Washington & Lee Law Review 807, wherein it is observed that "a reasonable doubt arises as to whether this case represents a wholehearted adoption of the doctrine of contribution or merely creates a refinement applicable to the particular circumstances." See also, comment in 30 Georgetown Law Journal 481; 27 Iowa Law Review 478, and 1 Loyola Law Review 237.

Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, certiorari denied 319 U.S. 741, 87 L.Ed. 1698 (N.Y. statute).

Our conclusion is that the doctrine of the George's Radio case does not apply to the situation presented in the case before us. The question, as we have indicated, is not free from doubt, and we hope the United States Court of Appeals will have an opportunity to rule on it.

This conclusion eliminates from our consideration the further question raised in the wife's case, to the effect that if contribution were allowed Ramsey against the husband the practical result would be to allow the wife to sue her husband, contrary to the rule laid down in Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180, 30 L.R.A.,N.S., 1153, 21 Ann.Cas. 921, and Spector v. Weisman, 59 App.D.C. 280, 40 F.2d 792. Cf. Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822, 48 A.L.R. 276; Fisher v. Diehl, 1945, 156 Pa.Super. 476, 40 A.2d 912.

Judgments reversed with instruction to award new trials.